BOSTON AND SUBURBAN LAUNDRY COMPANY *vs.* JAMES O'REILLY.

Middlesex. March 9, 1925. — June 26, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Restraining interference by agent after termination of agency; Of employment; Validity. *Equity Jurisdiction,* Specific performance. *Agency. Unlawful Interference.*

If one who was employed by a laundry company doing business in Somerville and Medford as "a driver for the purpose of collecting, soliciting, and returning laundry, as well as collecting all money due to the . . . [company] from its various customers" and under a contract in writing in which he agreed in substance that for a period of two years after a severing of his employment with the company he would "not attempt in any way to interfere with the customers of the" company directly

or indirectly, and would "not solicit any business from anyone for such laundry work as aforesaid in the cities of Somerville and Medford," subsequently severed his employment and then engaged in laundry business in Somerville and Medford, the company is entitled to a decree not only enjoining him, in substance, from soliciting patronage from customers of the company known to him in the course of and by reason of his employment and from disclosing the names of such customers to any one who might be acting in behalf of another laundry company or person engaged in the laundry business, but also enjoining him during the two years from soliciting any one for laundry work as described in the contract in the cities of Somerville and Medford, whether persons so solicited are customers of the plaintiff or not.

BILL IN EQUITY, filed in the Superior Court on October 29, 1924, which, after seeking restraining orders, sought in the third and fourth prayers the following relief: "(3) That after a hearing upon the merits a permanent injunction be issued restraining the said defendant from inducing or attempting to induce customers of the plaintiff to do business either with him or any other employer in the laundry business for the period of two years. (4) That after a hearing upon the merits a permanent injunction be issued against the defendant enjoining him from soliciting laundry business or attempting to solicit laundry business for a period of two years in the cities of Somerville and/ or Medford for himself or for any other employer in the laundry business."

In the Superior Court, the suit was heard by *Morton*, J., a commissioner having been appointed under Equity Rule 35 (1905) to take the evidence. The judge filed the following statement of findings and rulings:

"The parties entered into the contract (a copy of which is annexed to the bill) and the defendant continued in the employ of the plaintiff under this contract until October 21, 1924, when he voluntarily left the employ. He then started a laundry business in the territory included in the prohibition of the contract. While I was not satisfied that he directly solicited any of his old customers obtained while in the plaintiff's employ, he did take some laundry from one or two of them at their request. Since the issuing of the restraining order, however, he has ceased taking laundry from such customers and in open court stated that he would thereafter, during the period covered by the contract take no

laundry from his old customers.    He has admittedly violated the terms contained in the second paragraph of the contract and should be enjoined for a term of two years from October 21, 1924, from taking laundry from any of the customers secured by him while he was in the employ of the plaintiff, and from in any way attempting to induce them to do business with him or with any employer with whom he may subsequently be employed.

"The prayers of the bill go beyond this relief, however. The fourth prayer asks that he be enjoined from soliciting for a term of two years any laundry business in Somerville and Medford from any one, whether they were his old customers or not, under and by virtue of the last paragraph in the contract.    The inhibition as to time and territory is reasonable.    The question whether the general inhibition prayed for under the third paragraph of the contract is reasonable in my opinion is settled by the case of *Sherman* v. *Pfefferkorn*, 241 Mass. 468, and the reasons therein given would seem to apply to this and other contracts involving the same provision.    It restrains freedom of employment, it tends to decrease competition and to that extent is against the public policy and does not seem to be required to protect the plaintiff from unfair and improper use of confidential knowledge which the defendant obtained by reason of his employment.    The injunctive relief prayed for and given under the third prayer of the bill would seem to give the plaintiff all that he was fairly entitled to."

By order of the judge, a final decree was entered granting to the plaintiff the limited relief described in his findings and rulings.    The plaintiff appealed.

*D. Needham*, for the plaintiff.

*W. D. Lambert*, for the defendant.

WAIT, J.    The defendant, on entering the employ of the plaintiff, August 17, 1920, as "a driver for the purpose of collecting, soliciting, and returning laundry, as well as collecting all money due to the . . . [plaintiff] from its various customers" agreed, among other things, "that in the event of his severing his connection, either voluntarily or involuntarily, as such employee with the said party of the first part

that for a term of two (2) years commencing with the time when such employment shall cease, he will not attempt in any way to interfere with the customers of the said party of the first part, or attempt in any form to induce them to do business either with him, the party of the second part, or with any other employer with whom he may be so employed, nor give names or addresses of customers, to any one who may be acting in behalf, as agent or otherwise, of any laundry nor in any form attempt to induce any of the customers of the said party of the first part to do business with anyone in the laundry business other than the party of the first part. . . . And the said party of the second part further agrees that for a term of two (2) years as aforesaid, he will not solicit any business from anyone for such laundry work as aforesaid in the cities of Somerville and Medford all within the counties of Middlesex and this Commonwealth." He severed his connection October 21, 1924, and he admits that he has violated the agreements just set out. Upon a bill in equity seeking an injunction to restrain further violation, the Superior Court entered a decree enjoining him "from soliciting the patronage for himself or for any other person or corporation of the customers of the complainant known to him in the course of and by reason of his employment with the complainant and from disclosing the names of such customers to anyone who may be acting in behalf of any other laundry company or person engaged in the laundry business."

The judge refused to enjoin him from soliciting or attempting to solicit laundry business in Somerville and in Medford for himself or any other employer in the laundry business, for reasons stated in findings and rulings which are referred to in the decree. He found that the inhibition as to time and territory were reasonable; but, following his interpretation of the decision in *Sherman* v. *Pfefferkorn*, 241 Mass. 468, he concluded that the inhibition in regard to solicitation in Somerville and Medford was not required to protect the plaintiff from unfair and improper use of confidential knowledge obtained by the defendant by reason of his employment.

The plaintiff appeals from this decree, and claims that it is entitled to the wider injunction which it sought by its bill.

*Sherman* v. *Pfefferkorn* must be read in connection with *Chandler, Gardner & Williams, Inc.* v. *Reynolds*, 250 Mass. 309. In the former case the court held that ownership of stock in a competing company was not a breach of the agreement there made; but it also held that any employment in any branch of the laundry business, during the prohibited period, in Weymouth, Hingham, and Braintree was a violation of the agreement, which it treated as valid in this respect.

It must be recognized that in employing any one as driver and collector for a laundry the employer introduces the person to a public capable of furnishing laundry business to which but for such introduction he might never be known. The difficulty of proving improper use of knowledge acquired and of connections established during the employment is very great. A provision for freedom from competition within that vicinity immediately on the termination of the employment is recognized as a reasonable requirement to make of the applicant for employment by *Sherman* v. *Pfefferkorn*, and by the many cases there cited.

The plaintiff carries on its business in Somerville and Medford. We cannot regard the limitation in this case as going beyond what is reasonable to afford adequate protection to the employer. *Chandler, Gardner & Williams, Inc.* v. *Reynolds, supra.* See also *Farrell* v. *Chandler, Gardner & Williams, Inc.* 252 Mass. 341.

The defendant is in the wrong: and the appeal is well taken. The decree must be amended. The plaintiff is entitled until October 21, 1926, not only to the injunction which was granted, but also to a further order enjoining the defendant until said date from soliciting any one for laundry work as described in the contract in the cities of Somerville and of Medford, and to its costs.

*So ordered.*