WALKER COAL AND ICE COMPANY *vs.* CARL W. WESTERMAN.

Worcester.    January 12, 1928.— April 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT,
& SANDERSON, JJ.

*Contract*, In restraint of freedom of employment, Validity.   *Agency*, Restraint of freedom of employment.   *Equity Jurisdiction*, Specific performance.   *Unlawful Interference.*

In a suit in equity it appeared that the defendant, after being employed under a contract in writing by the plaintiff to deliver ice, chiefly at retail, to customers in a certain city, left the plaintiff's employ and within a year entered that of a competitor of the plaintiff in that city, whose business was confined to selling ice at wholesale to purchasers who called at the competitor's offices.   It appeared further that the defendant in his new employment up to the time of the hearing had not interfered with the plaintiff's business by the use of information gained while working for the plaintiff, and that part of the defendant's new duties was to attempt to increase the competitor's business in said city.   *Held*, that a provision of the defendant's contract of employment with the plaintiff, that the defendant would not "for a period of five years after any termination of said employment, engage . . . in any branch of the ice business within the city or town in which said employee has worked for said employer," was reasonable and that the defendant should be enjoined from engaging in any branch of the ice business in said city for five years from the date when he left the plaintiff's employ.

BILL IN EQUITY, filed in the Superior Court on May 19, 1927, to restrain the defendant from engaging in a business similar to that of the plaintiff in violation of a contract between the parties.

The suit was referred to a master.   Material facts are stated in the opinion.   By order of *Lummus*, J., a final decree was entered dismissing the bill, and the plaintiff appealed.

The case was argued at the bar in January, 1928, before *Rugg*, C.J., *Braley, Crosby, Pierce,* & *Carroll*, JJ., and afterwards was submitted on briefs to all the Justices.

*J. Hannigan*, for the plaintiff.

*J. H. Meagher, E. Zaeder,* & *J. L. Bianchi*, for the defendant, submitted a brief.

CROSBY, J.   The plaintiff, a Massachusetts corporation, is engaged in the selling of ice at wholesale and retail in the city of Worcester, and employs a large number of drivers who distribute ice to its customers in that city.   It also sells ice at wholesale to peddlers of ice, in Worcester.   The defendant had been in the employ of the plaintiff at various times since 1917 as a "striker."   His work was to carry ice for the driver of the ice wagon, the wagon being in charge of a man known as a "driver."   In the spring of 1923, the defendant was assigned by the plaintiff to a route as driver, and he continued as such until March, 1924, when he was requested by the plaintiff's manager to sign a contract similar to that set forth in the bill.   He did not sign the contract at that time and went into the ice business for himself.

In September, 1925, he again entered the employment of the plaintiff, and on or about December 28, 1925, signed the contract set forth in the bill, which is as follows: "The Walker Coal & Ice Company hereby employs Carl W. Westerman and he agrees to faithfully perform any duties assigned to him.   In consideration of the employment of said employee by the said employer, and weekly compensation now or hereafter to be granted, either verbally or in writing by the employer, the said employee agrees that he will not for a period of five years after any termination of said employment, engage directly or indirectly, either personally or as an employee in any branch of the ice business within the city or town in which said employee has worked for said employer. If within one year of the termination or suspension of said employment, said employee re-enters the employment of said employer, such employment shall be on the same terms and conditions as herein contained."

The defendant continued in the plaintiff's employ until September, 1926, when he voluntarily left and worked elsewhere.   In March, 1927, he applied to the plaintiff's manager for work and was told that there was no place open for him at that time, but he was requested to call later.   He did not do so, but shortly afterwards entered the employ of the Brookfield Ice Company.   During the time he was in the employ of the plaintiff, both as a striker and driver, his work

was to deliver ice from a wagon to the plaintiff's customers along two routes in the city of Worcester. Such deliveries were principally to retail customers, the wholesale business being confined to storekeepers or manufacturing plants along the routes. The business of the Brookfield Ice Company is confined to the sale of ice at wholesale; the ice is shipped from Brookfield in freight cars and unloaded by the purchasers, assisted by the defendant or his helper, and placed in wagons or trucks of the purchasers. The defendant, who is a licensed weigher, weighs the ice so sold and enters charges therefor in the books of the company, collects and deposits the amounts received from such sales, and acts as manager of the company in connection with its Worcester business. The plaintiff and the Brookfield Ice Company both sell ice at wholesale to individual dealers or to peddlers, who resell the ice at retail to the public in all sections of Worcester.

Although the master found that up to the date of the hearing before him none of the customers of the Brookfield Ice Company had been customers of the plaintiff on any route on which the defendant worked while in the plaintiff's employ, that none of the customers of that company have been solicited for business by the defendant, and that the latter has not interfered with the plaintiff's business by the use of information gained while working for the plaintiff, he also found that, as manager of the Worcester plant of the Brookfield Ice Company, one of his duties is to attempt to increase the business of that company in Worcester, and that the nature of his present employment is such that information gained by him while in the employ of the plaintiff might now be used by him to the plaintiff's damage, although up to the date of the hearing he has not divulged such information to any one who would use it to the detriment of the plaintiff.

It is the contention of the defendant that, considering the nature of his present employment, the restriction in the contract is wider than is reasonably necessary for the protection of the plaintiff, and his present employment is not such a violation of the contract as entitles it to injunctive relief.

The extent of the relief, if any, to which the plaintiff in a

case of this kind is entitled for breach of contract depends upon the facts in each case.

A contract restraining freedom of employment must be reasonable, and will be valid only to the extent necessary to afford adequate protection to the party in favor of whom it is given, and must not unduly interfere with the right of the employee to labor and to follow any occupation which he sees fit to engage in, or be contrary to the rights and interests of the public. *Sherman* v. *Pfefferkorn*, 241 Mass. 468. *Sternberg* v. *O'Brien*, 3 Dick. 370.

The contract in the case at bar is founded upon a valid consideration and is not lacking in mutuality.

The allegation in the answer that the defendant was induced to enter into it by reason of the misrepresentation and fraud of the plaintiff is not sustained, as it was found by the master that the defendant's signature was procured by neither fraud nor duress on the part of the plaintiff.

The question remains, whether upon the facts found the plaintiff is entitled, for its reasonable and adequate protection, to the injunctive relief which it seeks.

The defendant's agreement is "that he will not for a period of five years after any termination of said employment, engage directly or indirectly, either personally or as an employee in any branch of the ice business within the city or town in which said employee has worked for said employer." It is not contended by the defendant that the provisions of the contract were unreasonable either as to time or space. The condition that the defendant will not directly or indirectly, personally or as an employee, engage in any branch of the ice business, in terms, prevents such employment in the city of Worcester. Less than a year after the date of the contract, he voluntarily left the plaintiff's employ and entered the employ of the Brookfield Ice Company, a competitor of the plaintiff, in Worcester. Manifestly the defendant thereby violated the terms of the contract. The circumstance that he was not peddling ice from house to house under his new employment, but was furnishing it to customers of the Brookfield Ice Company who called at the office of that company, and he was engaged in other work by

the company, and the fact that none of the customers of that company had been solicited by the defendant for business, are not a bar to the relief which the plaintiff seeks.   The plaintiff was not required to defer commencement of proceedings for relief until it could be shown that the defendant had actually solicited customers of his former employer, and that injury to its business had been thereby, or by other unlawful means, accomplished.   By reason of his employment by the plaintiff, the defendant had become familiar with its customers and had acquired information regarding the ice business that might be of value to its competitor, and which he was able at any time to disclose to his new employer.   Such disclosure would constitute a breach of contract.

. The restraint placed upon the defendant, however, was limited.   It did not prevent his being employed in the same business at any time or place except in the city or town where he had worked for the plaintiff.   In all other places he could engage in the ice business either on his own account or as the employee of another in any capacity.   In view of the fact that the Brookfield Ice Company was engaged in a competing business, the knowledge and information which the defendant acquired while in the plaintiff's employ could be used for the benefit of his new employer to whom, as the master found, he owed the duty of endeavoring to increase his employer's business.   To perform that duty he might be placed in a position where his obligation to his new master would conflict with the agreement he had made with the plaintiff.   It is plain that the principal purpose of the plaintiff in making the agreement was to prevent the defendant from disclosing such information by being employed in a competing business.   It does not appear that the limitation placed upon the defendant under the contract was unwarranted.   It was reasonable and necessary for the protection of the business of the plaintiff.

The contract is not too wide to prevent the plaintiff obtaining the relief sought.   *Sherman* v. *Pfefferkorn, supra,* and cases there collected.   *Chandler, Gardner & Williams, Inc.* v. *Reynolds,* 250 Mass. 309.   *Boston & Suburban Laundry Co.*

v. *O'Reilly*, 253 Mass. 94.  *Edgecomb* v. *Edmondston*, 257
Mass. 12.  *William Robinson & Co. Ltd.* v. *Heuer*, [1898]
2 Ch. D. 451, 455.  *Haynes* v. *Doman*, [1899] 2 Ch. D. 13, 29.
See cases cited in note 9 Am. L. R. 1456.

In the opinion of a majority of the court the final decree
dismissing the bill should be reversed and a decree entered
restraining the defendant from directly or indirectly engag-
ing, either personally or as an employee, in any branch of the
ice business within the city of Worcester for a period of five
years from the date when he left the employ of the plaintiff;
the latter to recover its costs.

*Ordered accordingly.*