BECKER COLLEGE OF BUSINESS ADMINISTRATION AND SECRE-
TARIAL SCIENCE *vs.* SUMNER H. GROSS.

Worcester.   September 26, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Equity Jurisdiction,* Laches.   *Contract,* Validity, Of employment.   *Re-
straint of Trade.*

Where, in a suit in equity by a corporation conducting a school to en-
force a provision of a contract in writing providing in substance that
the defendant would not solicit pupils for any other school than the
plaintiff's, it appeared that a vice-president of the plaintiff six months
before the suit was begun knew that the defendant was doing such
soliciting but did not know of the provision in the contract prohibiting
it, and that no other official of the plaintiff knew of the soliciting
until within a month before the suit was begun, a finding that the
plaintiff was guilty of laches was not required as a matter of law.
A covenant restraining trade or competition, inserted in a contract for
personal service, is not in itself invalid if the interest to be pro-
tected is consonant with public policy and if the restraint is limited
reasonably in time and space; what is reasonable depends upon the
facts.   Per WAIT, J.
A graduate of a technological college of high standing, who had been
employed as a "sales engineer" for a heating and ventilating com-
pany; had had charge of "market analysis" for a rubber company;
had been employed making contracts of sales for an oil company;
had opened and conducted for two years a business school for himself
at Waltham; and for three months previous to July 1, 1931, had
solicited pupils for a business school at Worcester, which then was
acquired by a corporation already conducting another such school
there, voluntarily and after deliberation made with the corporation
a contract under seal in which he agreed not to "conduct, solicit
pupils for, or in any capacity enter the employment of or act in any

capacity for any private or semi-private school other than the . . . [corporation] providing instruction in Business, Shorthand, Typewriting, Accounting, Secretarial or Commercial subjects, or any of said subjects, and located in the County of Worcester in the Commonwealth of Massachusetts or in Providence County in the State of Rhode Island during the duration of this contract [for his employment] or for a period of five years thereafter, whether said contract shall terminate by reason of the expiration of its term or for any other reason whatsoever, without first obtaining the written consent of the Board of Directors of the" corporation. His employment terminated in October, 1931, and thereafter for some months he solicited pupils in Worcester County for a private school in Worcester providing instruction in certain of the subjects enumerated in the contract. In a suit in equity by the corporation, a final decree was entered enjoining him from so soliciting for five years after the termination of his employment. He appealed. *Held*, that the quoted provision of the contract was valid and enforceable; and the decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on April 25, 1932, and described in the opinion.

The suit was referred to a master. The contract made by the defendant with the plaintiff was dated July 1, 1931. Other material facts found by the master are stated in the opinion. By order of *Lummus*, J., there were entered an interlocutory decree confirming the report and a final decree enjoining the defendant as described in the opinion. The defendant appealed.

*P. H. Breen*, for the defendant.

*L. E. Stockwell*, for the plaintiff.

WAIT, J. The defendant, a man of full age, married and a father, contends that he is not bound by his agreement under seal not to "conduct, solicit pupils for, or in any capacity enter the employment of or act in any capacity for any private or semi-private school other than the . . . [plaintiff] providing instruction in Business, Shorthand, Typewriting, Accounting, Secretarial or Commercial subjects, or any of said subjects, and located in the County of Worcester in the Commonwealth of Massachusetts or in Providence County in the State of Rhode Island during the duration of this contract [for his employment] or for a period of five years thereafter, whether said contract shall terminate by reason of the expiration of its term or

for any other reason whatsoever, without first obtaining the written consent of the Board of Directors of the . . . [plaintiff] thereto. . . . [He] further agrees that he will not solicit pupils from Worcester County or Providence County for any school of the kind above described wherever it may be situated during the period of five years before mentioned." He was not led to sign the above agreement by any fraudulent practice, nor was he subjected to any duress. He executed the contract after having in his possession for several days a draft which contained the foregoing, without objection to or suggestion with respect to it, although changes were made in the draft contract, which are not here material, before executing the agreement in final form. He read and fully understood the terms of the instrument. His employment terminated in October, 1931. He has broken the covenant by soliciting pupils in Worcester County for a private school in Worcester providing instruction in certain of the subjects enumerated in the covenant. He has secured between forty and fifty pupils for that school. He was engaged in such solicitation at the time of filing the report of the master herein. He has never obtained the written consent of the directors of the plaintiff to solicit pupils for any other school. He appeals from a final decree restraining him until October 19, 1936, substantially in the words of the covenant, from the acts against which he covenanted. It is his contention that the covenant is illegal and void as a restraint on competition; and, furthermore, that there has been such laches on the part of the plaintiff that it cannot maintain its bill.

The evidence was heard by a master who found, *inter alia,* the facts above recited. The defendant excepted to the report on the grounds that the finding that the plaintiff was not guilty of laches was inconsistent with the other findings reported and was not supported by the facts found; and that a finding that the plaintiff "has built up and acquired a substantial good will and favorable reputation in the territory served by it" was too vague and indefinite. These exceptions were overruled after hearing. A motion to recommit was denied. An interlocutory decree

entered confirming the report. No appeal was claimed therefrom.

There is nothing in the contention of the defendant with regard to laches, even if it be open to him after he has failed to appeal from the interlocutory decree which overruled the exceptions based upon it. The contract provided that any consent to his solicitation of pupils for other schools must be given in writing by the directors of the plaintiff. He relies upon knowledge of such activity on his part by a vice-president of the plaintiff who did not know that the defendant had bound himself to this term of the contract; and failure of the plaintiff to take legal action until more than six months after such knowledge by the vice-president. No other official connected with the plaintiff knew actually of the breach by the defendant until April, 1932. The bill was filed April 25, 1932. Such facts fall far short of proof of laches in bringing suit. They do not even prove knowledge by the corporation before April, 1932, that a breach had occurred.

Our law does not hold all contracts in restraint of trade or of competition to be invalid. See *Gamewell Fire Alarm Telegraph Co.* v. *Crane*, 160 Mass. 50. In a long line of recent decisions contracts closely analogous to that here in question have been held to be valid and have been enforced. *Sherman* v. *Pfefferkorn*, 241 Mass. 468. *Chandler, Gardner & Williams, Inc.* v. *Reynolds*, 250 Mass. 309. *Farrell* v. *Chandler, Gardner & Williams, Inc.* 252 Mass. 341. *Boston & Suburban Laundry Co.* v. *O'Reilly*, 253 Mass. 94. *Edgecomb* v. *Edmonston*, 257 Mass. 12. *Walker Coal & Ice Co.* v. *Westerman*, 263 Mass. 235. *Brannen* v. *Bouley*, 272 Mass. 67. *Walker Coal & Ice Co.* v. *Love*, 273 Mass. 564. They establish as our law that a covenant restraining trade or competition, inserted in a contract for personal service, is not in itself invalid if the interest to be protected is consonant with public policy and if the restraint is limited reasonably in time and space. What is reasonable depends upon the facts. Nothing to the contrary is asserted in *Club Aluminum Co.* v. *Young*, 263 Mass. 223, *Padover* v. *Axelson*, 268 Mass. 148, *May* v. *Angoff*, 272 Mass. 317, *West* v.

*Jacobs*, 277 Mass. 406, *Whiting Milk Co.* v. *O'Connell*, 277 Mass. 570.

In *Club Aluminum Co.* v. *Young*, 263 Mass. 223, the restriction, though only for a year, extended wheresoever the plaintiff did business. The allegations of the bill showed that the business covered a wide extent of territory. The restriction was not reasonable. *Whiting Milk Co.* v. *O'Connell*, 277 Mass. 570. The rule of law followed was the rule stated here.

The master's report showed that since his graduation from the Massachusetts Institute of Technology at Boston, the defendant had been employed as a "sales engineer" for a heating and ventilating company; had had charge of "market analysis" for a rubber company; had been employed making contracts of sales for an oil company; had opened and conducted for two years a business school for himself at Waltham (which is in the county of Middlesex); and for three months prior to his employment by the plaintiff had solicited pupils for the Post business school at Worcester which the plaintiff then took over. So far as appeared he had no especial connection with Worcester. On the other hand, the plaintiff was incorporated in 1907 and at that time took over and continued "Becker's Business School," so that the school has had a continuous active existence in Worcester for over forty-five years. It has acquired a substantial good will in the territory served by it. It expends about $10,000 a year in securing new students, by personal solicitation by employees, by newspaper advertising, by solicitation by mail, and through recommendations by past and present students. It is damaged by solicitations of pupils in behalf of other schools, although it is difficult to prove the equivalent in money of the injury suffered.

We find here no public policy forbidding an employer to refuse employment to one whom he fears may, in the future, be a source of injury to him in his business, unless such injury be guarded against by a contract; nor limiting the duty of a court of equity to enforce such contract when it has been intelligently executed without compulsion and is limited reasonably in space and time. The defendant has not been

stripped of earning capacity. He has not been wronged. He is excluded from a single occupation in the counties of Worcester and of Providence until October 19, 1936. Elsewhere he may exercise freely his capacities aided perhaps by experience gained in the plaintiff's employ. And he is excluded in accord with his own agreement.

*Decree affirmed with costs.*