ECONOMY GROCERY STORES CORPORATION *vs.* FRANK
McMENAMY.

Suffolk.  May 21, 1934. — May 1, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, What constitutes, Consideration, Of employment.  *Equity
Jurisdiction*, Specific performance, Plaintiff's clean hands.

Where an employee, but not his employer, signed a writing in which it was
recited that the employer "has agreed to employ" the employee and
the latter, in consideration of the employment and the "compensation
. . . to be paid" to him, the amount of which had been fixed in a sepa-
rate agreement, made certain promises, and thereafter the employee
worked for the employer for a period, it could not be said that there
was no contract between the parties for want of mutuality or that the
employee's promises were not supported by consideration, since a
promise on the part of the employer to employ him was implied when
the employer accepted and acted upon the writing.

In a suit in equity against a former employee of the plaintiff to enjoin the
defendant from violating certain provisions of their contract imposing
reasonable limitations upon the defendant's engaging in the kind of
business carried on by the plaintiff and soliciting customers of the
plaintiff after the termination of his employment, "whether volun-
tarily or involuntarily," it was not error for the trial judge to exercise
his discretion against granting the plaintiff relief by specific perform-
ance of such provisions and to enter a decree dismissing the bill where
it appeared that the department of the plaintiff's store managed by the
defendant during the period of his employment had been "built up
entirely by" his "personal efforts" despite competition and that,
although the contract of employment could be terminated at the will
of either party, the plaintiff discharged the defendant without just or
adequate cause, in circumstances involving some humiliation to him
and at a time of business depression.

BILL IN EQUITY, filed in the Superior Court on March 20,
1934.  The suit was heard by *T. J. Hammond*, J.  Material
findings by him are stated in the opinion.  By his order, a
decree dismissing the bill was entered.  The plaintiff ap-
pealed.

*A. H. Grauman*, (*L. M. Ring* with him,) for the plaintiff.
*E. Donovan*, for the defendant.

Rugg, C.J. This suit is brought to enjoin the defendant, a former employee of the plaintiff, from engaging in business in violation of the provisions of a written contract signed by the defendant. The trial judge made findings of facts and entered a decree dismissing the bill. The plaintiff's appeal brings the case here. The facts found must be accepted as true since the evidence is not reported. The question to be determined is whether on those facts the decree was right. *Nelson* v. *Wentworth,* 243 Mass. 377. *Seager* v. *Dauphinee,* 284 Mass. 96, 98.

The facts relevant to the grounds of this decision are these: The defendant, on May 15, 1931, entered the service of the plaintiff as manager of the meat department of its store at Squantum. On November 10, 1932, the defendant signed an employment agreement with the plaintiff after being informed by the district supervisor of the plaintiff that such "agreement would have to be signed or his employment terminated." This contract in writing and under seal was signed by the defendant and not by the plaintiff. It provided in part that "Whereas, said Employer has agreed to employ said Employee to work for it in the conduct of its retail grocery, meat and/or food supplies business, Now, Therefore, in consideration of the employment of said Employee by said Employer and the weekly compensation now or hereafter to be paid to said Employee, said Employee agrees that: 1. He will during the term of said employment devote his entire business time and energy in behalf of said Employer. 2. He will keep secret and not divulge to any person, firm or corporation, except by express order of said Employer, the names and addresses of and/or all information concerning each and every customer of the said Employer. 3. In the event that his employment by said Employer shall terminate, whether voluntarily or involuntarily, then for a period of one (1) year commencing with the time when such employment shall cease — A. He will not solicit, either directly or indirectly, the grocery, meat and/or food supplies business of any customers of said Employer . . . . B. He will not, directly or indirectly, as employee, manager, proprietor, owner, co-partner, or as a

stockholder or officer of a corporation, carry on or engage in, or be employed in or solicit any business for any branch of the grocery, meat and/or food supplies business within a radius of two (2) miles of any store or place of business operated by said Employer in which said Employee has worked during the course of his employment by said Employer." The defendant performed his work pursuant to the terms of his contract faithfully, and his services were in every respect satisfactory to the plaintiff. He was discharged on February 21 or February 23, 1934, without just or adequate cause and in circumstances involving some humiliation to him. Since his discharge the defendant has received employment from his brother who has opened a store in Squantum about one hundred feet from the plaintiff's store. This employment the plaintiff seeks to enjoin by virtue of the provisions of the employment agreement. In the store opened by the defendant's brother are sold meats and some other products sold by the plaintiff's Squantum store, but it does not carry groceries. This store was opened on or about March 9, 1934, and the defendant worked there from the time that it was opened.

There was no agreement on the part of the plaintiff to employ the defendant for any fixed or definite period. Nothing was said as to how long the employee should work for the employer. The trial judge found that "the terms of section 3, A and B of this contract which restricts his [defendant's] employment in the event that he ceases to be an employee, and the territory in which the restriction was contemplated, were reasonable conditions." The trial judge ruled that "the defendant having been discharged without just or adequate cause, the plaintiff is not entitled to equitable relief."

A covenant inserted in a contract for personal service, restricting trade, or competition, or freedom of employment, is not invalid and may be enforced in equity provided it is necessary for the protection of the employer, is not injurious to the public interest, and is reasonably limited in time and space. What is reasonable depends upon the facts. *Sherman* v. *Pfefferkorn*, 241 Mass. 468. *Becker*

*College of Business Administration & Secretarial Science* v. *Gross,* 281 Mass. 355. If the defendant had left the employ of the plaintiff voluntarily, or had been discharged for cause, there would be little question that the plaintiff would be entitled to relief. The contract was not void for lack of consideration. When accepted and acted on by the plaintiff, it implied according to its reasonable construction a promise on the part of the plaintiff to employ the defendant. It was not wanting in mutuality. The amount of compensation to be paid was fixed by separate agreement. *Walker Coal & Ice Co.* v. *Love,* 273 Mass. 564. *Sherman* v. *Pfefferkorn,* 241 Mass. 468. *Edgecomb* v. *Edmonston,* 257 Mass. 12. *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass. 235. *Boston & Suburban Laundry Co.* v. *O'Reilly,* 253 Mass. 94. *Chandler, Gardner & Williams, Inc.* v. *Reynolds,* 250 Mass. 309. *Whiting Milk Co.* v. *O'Connell,* 277 Mass. 570. There was no definite term of employment but there was employment under the contract for about fifteen months. The contract might have been terminated at the will of either party. An employer may act so arbitrarily and unreasonably in exercising his right of termination that a court of equity will refuse aid in enforcing for his benefit other parts of the contract. *Wark* v. *Ervin Press Corp.* 48 Fed. Rep. (2d) 152, 156. *Granger* v. *Craven,* 159 Minn. 296, 304. A suit in equity like the present, to enforce a negative covenant made by the defendant, is in reality a petition for specific performance. *Edgecomb* v. *Edmonston,* 257 Mass. 12, 18. Specific performance is not a matter of strict and absolute right. A petition of that nature is addressed to the sound discretion of the court. It will not be granted if the conduct of the plaintiff is savored with injustice touching the transaction, even though there is no sufficient ground for the rescission of the contract. *Banaghan* v. *Malaney,* 200 Mass. 46, 49. *Forman* v. *Gadouas,* 247 Mass. 207, 211. *Florimond Realty Co. Inc.* v. *Waye,* 268 Mass. 475, 478. *Linden Park Garage, Inc.* v. *Capital Laundry Co.* 284 Mass. 454, 459. Compare *McLearn* v. *Hill,* 276 Mass. 519, 524. "A court of equity does not lend its aid to parties who themselves resort to unjust and unfair conduct." *Shikes* v. *Gabelnick,* 273 Mass.

201, 207. The trial judge found that the meat department of the plaintiff "was built up entirely by the personal efforts of the defendant in face of other competition." General principles of fair and ethical conduct would seem to require that the defendant be permitted to continue in that course of conduct in the circumstances disclosed. Possible hardship may result to the defendant if, in a time of business depression like the present, he is deprived of an opportunity to work. The public interest may be adversely affected by such a course when there are many unable to secure employment. It may be a penalty on the defendant rather than a protection to the plaintiff. *Club Aluminum Co.* v. *Young,* 263 Mass. 223. *Spector* v. *Traster,* 270 Mass. 545, 549. *Milwaukee Linen Supply Co.* v. *Ring,* 210 Wis. 467, 471. *Super Maid Cook-Ware Corp.* v. *Hamil,* 50 Fed. Rep. (2d) 830. *Spaulding* v. *Mayo,* 81 N. H. 85, 87. Compare *Standard Oil Co.* v. *Bertelsen,* 186 Minn. 483, 487, and *Moskin Brothers Inc.* v. *Swartzberg,* 199 N. C. 539.

The trial judge exercised his discretion against granting equitable relief to the plaintiff. In our opinion it cannot rightly be held on the facts found that there was error in entering a decree dismissing the bill.

*Decree affirmed with costs.*