METROPOLITAN ICE COMPANY *vs.* JAMES J. DUCAS.

Middlesex.    May 17, 1935. — June 27, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* Validity, Agreement by seller of business not to compete with
  buyer, Of employment.    *Unlawful Interference.*

Even if a covenant made by a seller of a business who entered the em-
  ployment of the buyer, not to compete with the buyer after termina-
  tion of the employment, imposed unreasonable restrictions as to time
  and territory, it could be enforced in equity to the extent of a reason-
  able time and territory.

BILL IN EQUITY, filed in the Superior Court on March
6, 1935.

The suit was heard by *Morton*, J.

*R. J. Muldoon*, for the defendant.

*A. M. McDonough*, for the plaintiff.

PIERCE, J.    This is an appeal by the defendant from a
final decree entered on March 12, 1935, enjoining the de-
fendant from engaging directly or indirectly in the ice
business within the cities of Cambridge and Somerville, for
the period of eighteen months from the date of the entry of
the decree.    The testimony is reported under Rule 76 of the
Superior Court (1932) without findings of fact.

The defendant and one Booas until 1926 conducted an
ice business in Somerville and Cambridge in this Common-
wealth, under the name "Daylight Ice Company."    In
1926 they entered into an agreement with the plaintiff,
under seal.    By this agreement the defendant and Booas
sold to the plaintiff their ice business, and agreed "to use

their best efforts to assist in the turning over of their entire
going ice business to said Company." They also· "both
jointly and severally agree that they will not directly or
indirectly engage in the ice business in any territory now
covered by teams or trucks of the Metropolitan Ice Com-
pany or in the cities of Waltham and Woburn or the towns
of Watertown, Stoneham or Winchester for a term of fifteen
years from the date of the termination of their employment
by said Company." In accordance with the agreement of
the plaintiff "to employ both said Ducas and said Booas
for a period of at least one year from the date of this con-
tract . . . on condition that their services are rendered in
a manner satisfactory to said Company," the defendant was
employed by the plaintiff from the time of the agreement
until about the middle part of December, 1934, excepting
about a year's time when he was in Greece. In December,
1934, the defendant voluntarily left the employ of · the
plaintiff, and in February, 1935, was hired by one Spinos
to peddle ice from a truck, owned by Spinos, in Cambridge
and Somerville. There is no dispute but that the defendant
thereafter delivered ice as a peddler in Cambridge and
Somerville nor that Cambridge and· Somerville are. in the
territory in which the plaintiff operates its ice business.

The defendant admits that he "had been employed by
another dealer in the ice business, in substantially the same
territory where he had worked for the plaintiff," but con-
tends that the bill should have been dismissed for the reason
that. the decree necessarily indicates that the trial judge
found the covenants unreasonable and unnecessary for the
plaintiff's protection as to time and territory. It is settled
in this Commonwealth that an agreement made by the
seller of a business in connection with the sale thereof, which
is designed to prevent the seller from competing in that
business with the buyer, is valid, provided the restraint is
reasonably necessary to enable the buyer to secure fully the
good will of his purchase. *Gilman* v. *Dwight*, 13 Gray, 356,
358. *Anchor Electric Co.* v. *Hawkes*, 171 Mass. 101, 105.
*Edgecomb* v. *Edmonston*, 257 Mass. 12, 18. Similar agree-
ments made by employees with their employers to become

binding upon the termination of the employment are likewise valid provided they are reasonable as to time and territory. *Sherman* v. *Pfefferkorn*, 241 Mass. 468, 474. *Boston & Suburban Laundry Co.* v. *O'Reilly*, 253 Mass. 94, 97, 98. *Becker College of Business Administration & Secretarial Science* v. *Gross*, 281 Mass. 355, 358. *Economy Grocery Stores Corp.* v. *McMenamy*, 290 Mass. 549, 552. In both classes of cases, if the restrictive agreement would involve unreasonable restrictions, in this Commonwealth the provision is nevertheless enforceable for so much of the performance as would be a reasonable restraint. *Edgecomb* v. *Edmonston*, 257 Mass. 12, 20. *Whiting Milk Co.* v. *Grondin*, 282 Mass. 41, 44. This rule as to agreements covering too wide a territory is applicable whether or not the agreement is by its own terms divisible. *Edgecomb* v. *Edmonston*, 257 Mass. 12, 21. *Sherman* v. *Pfefferkorn*, 241 Mass. 468, 475. *Brannen* v. *Bouley*, 272 Mass. 67, 71. *Whiting Milk Co.* v. *O'Connell*, 277 Mass. 570, 574. Compare Am. Law Inst. Restatement: Contracts, § 518; but see Mass. Annotations, § 518. The decree of the trial judge limiting the restrictions in the instant case to the cities of Cambridge and Somerville does not appear to be unreasonable. Compare *Boston & Suburban Laundry Co.* v. *O'Reilly*, 253 Mass. 94, 97. No reason presents itself why the rule of reasonable enforcement as to space should not be applicable to time. It is not necessary to consider whether the agreed restriction for a period of fifteen years was as matter of law unreasonable when made, and there is no evidence in the record to support a ruling or finding that the statement in the decree that the defendant "is hereby strictly restrained and enjoined from engaging directly or indirectly in the ice business within the cities of Cambridge and Somerville for the period of eighteen (18) months from the date hereof" (March 12, 1935) was unreasonable for the protection of the plaintiff's business or in space of time covered by the injunction.

*Decree affirmed with costs.*