CEDRIC G. CHASE PHOTOGRAPHIC LABORATORIES, INC. *vs.*
THOMAS F. HENNESSEY & another.

Middlesex.    January 2, 1951. — March 6, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* Of employment. *Equity Jurisdiction,* Employee's covenant
against competition, Premature suit. *Equity Pleading and Practice,*
Decree. *Unlawful Interference.*

The bringing of a suit in equity against a former employee of the plaintiff
who had entered the employment of a competitor of the plaintiff and
against the competitor, to enforce and enjoin interference with a con-
tract between the employee and the plaintiff in which the employee
promised not to divulge information concerning the plaintiff's cus-
tomers, not to do anything injurious to the plaintiff's business or good
will, and not to engage in the kind of business carried on by the plaintiff,
need not be postponed until damage to the plaintiff had actually been
wrought by the defendants.

In a suit in equity against a former employee of the plaintiff who had
entered the employment of a competitor of the plaintiff and against
the competitor, to enforce and enjoin interference with a contract
between the employee and the plaintiff in which the employee promised
not to divulge information concerning the plaintiff's customers or do
anything injurious to the plaintiff's business or good will for five years
after the termination of his employment with the plaintiff, and for
two years after such termination not to engage in the same kind of
business within a designated territory "directly or indirectly, either
as principal, agent or servant," a decree enforcing such promises
against the employee, but with a limitation of territory to that in
which the plaintiff's customers were substantially located, and en-
joining the competitor from interfering with the contract, was proper
notwithstanding certain differences between the duties of the em-
ployee with the plaintiff and his duties with the competitor.

BILL IN EQUITY, filed in the Superior Court on December 8,
1949, to enforce a contract dated May 27, 1949, against the
defendant Stewart and to enjoin interference with that
contract by the defendant Hennessey.

Demurrers to the bill were heard by *Swift,* J.  The suit
was heard on a master's report by *Beaudreau,* J.

*P. A. Menton,* for the defendant Stewart.

*R. C. Papalia,* for the defendant Hennessey.

*R. S. Marsh, (V. C. Harnish* with him,) for the plaintiff.

LUMMUS, J.   On May 27, 1949, while the defendant Charles R. Stewart was employed by the plaintiff at its place of business at Waltham under a contract at will, the plaintiff and the defendant Stewart entered into a sealed contract, by which Stewart engaged as follows: "3. That he will keep secret and not divulge to any person, firm or corporation, except by express order of his employer, the names, addresses or any information concerning any customers of the said employer during said employment and for 5 years thereafter.   4. That he will not do, suffer or consent to any act or thing prejudicial or injurious to the business or goodwill of said employer during said employment and for 5 years thereafter. . . . 7. The said employee will not directly or indirectly, either as principal, agent or servant, for the term of two years after any voluntary or involuntary termination of said employment, enter or engage in any branch of the photographic finishing business, wholesale or retail, without the consent and approval of said employer, within a radius of fifty miles from the city hall of Waltham."

On November 28, 1949, the defendant Stewart, having notice that the plaintiff held him to the contract of May 27, 1949, and having consulted counsel, resigned his position with the plaintiff, to take a position in a competing business with the defendant Hennessey at Framingham, which was within fifty miles from the city hall of Waltham.   The plaintiff about November 30, 1949, notified both Stewart and Hennessey of its intention to enforce the contract.   The defendant Stewart went to work for Hennessey on December 5, 1949.

Demurrers of the defendants to the bill were overruled, and the defendants appealed.   A master's report, from which the foregoing facts are derived, was confirmed, subject to the appeals of the defendants.   On July 3, 1950, a final decree was entered, enjoining the defendant Stewart from any

violation of the quoted clauses of the contract of May 27, 1949, enjoining the defendant Hennessey from interfering with the said employment contract dated May 27, 1949, and awarding nominal damages and costs against each defendant. The defendants appealed.

The defendants, in support of their demurrers, argue that the bill does not allege that their acts have caused or threatened irreparable damage to the plaintiff. But the plaintiff was not required to postpone the bringing of its bill until such damage had actually been wrought. *Walker Coal & Ice Co.* v. *Westerman*, 263 Mass. 235, 239. That is the only point argued by the defendants in support of their demurrers.

The master found that the plaintiff's customers are located substantially within a radius of thirty-five miles from Waltham. The decree for the plaintiff restrained the defendant Stewart from working for the defendant Hennessey within a radius of thirty-five miles from the city hall of Waltham. A covenant of the sort here in question may be enforced by injunction "if the interest to be protected is consonant with public policy and if the restraint is limited reasonably in time and space." *Becker College of Business Administration & Secretarial Science* v. *Gross*, 281 Mass. 355, 358. *New England Tree Expert Co. Inc.* v. *Russell*, 306 Mass. 504, 508. *Saltman* v. *Smith*, 313 Mass. 135, 142–143. If the restriction is too broad as to time (*Metropolitan Ice Co.* v. *Ducas*, 291 Mass. 403) or territory (*Whiting Milk Co.* v. *O'Connell*, 277 Mass. 570, 574), it may be enforced to the extent necessary to protect the plaintiff. *Metropolitan Ice Co.* v. *Ducas*, 291 Mass. 403. *New England Tree Expert Co. Inc.* v. *Russell*, 306 Mass. 504, 509. We think that the judge was right in limiting the injunction in point of territory as he did.

The defendants contend that the decree is too broad in restraining the defendant Stewart from "entering in or engaging in any branch of the photographic finishing business, wholesale or retail, directly or indirectly, either as principal, agent, or servant," for two years from December 2, 1949. They contend that the duties of Stewart with Hennessey differ from his duties when with the plaintiff. With the

plaintiff, much of Stewart's work took him out among the customers, although obtaining or holding customers was no part of his work. With Hennessey, his duties keep him inside the plant. Although there was no evidence of actual loss to the plaintiff from any activities of the defendants, Stewart's knowledge of the plaintiff's customers naturally would tend to the detriment of the plaintiff. In *Walker Coal & Ice Co.* v. *Westerman,* 263 Mass. 235, an employee who had agreed for five years after the termination of his contract with the plaintiff not to work for another in the ice business in the same city or town, was restrained from selling ice at wholesale at the plant of his new employer, although for his earlier employer he had merely delivered ice from a wagon.

As we find no error, the interlocutory decrees overruling the demurrers and confirming the master's report are affirmed, and the final decree is affirmed with costs.

*So ordered.*