GEORGETTE N. THOMAS & others *vs.* TOUFIK PAKER.

Suffolk.     April 4, 1951. — May 4, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, Agreement not to compete, Validity. *Equity Jurisdiction*, Agreement not to compete. *Sale*, Of good will, Contract of sale. *Good Will*.

In a suit in equity to enforce a covenant by a seller of a bakery business not to engage in that business in a specified area for a specified period of time, which the judge found were unreasonable, a decree enforcing the covenant with respect to a smaller area and shorter period found reasonable by the judge was proper.

BILL IN EQUITY, filed in the Superior Court on December 7, 1950.

The suit was heard by *Hudson*, J.

*S. A. Bithoney*, for the defendant.

*R. F. Barrett*, for the plaintiffs.

COUNIHAN, J.   This is a suit in equity in which the plaintiffs seek to enjoin the defendant from engaging in the bakery business in violation of a negative covenant in a bill of sale of a bakery business given by the defendant to the plaintiffs.   The evidence is not reported, but the judge made voluntary findings of facts which he adopted as findings of material facts.   G. L. (Ter. Ed.) c. 214, § 23, as amended.

Since the evidence is not reported, the findings of material facts, not being mutually inconsistent, are taken as true. *Kennedy* v. *Shain*, 288 Mass. 458, 459.  *Macklin* v. *Macklin*, 315 Mass. 451, 452.  *Harpel* v. *Craig, ante,* 229, 232.  Facts admitted in the pleadings and those found by the judge are as follows:  On October 15, 1949, the defendant by a bill of sale sold the plaintiffs the bakery business conducted by him at No. 136 Hudson Street, Boston, "together with good will and bakery machinery in said bakery."  In this bill of sale the defendant "agrees that he will not engage in the baker business directly or indirectly for a period of seven years within a radius of seven miles of Boston."  The defendant during the year 1950 entered the employ of the Boston Syrian Baking Co. in Boston as a baker at a weekly salary.  There was then and is now only one other baker of handmade Syrian bread in Boston.  The defendant has at no time interfered with customers of the plaintiffs by way of solicitation and has not actively participated in the management or control of his employer's business.

The judge found the limitations of seven years in time and of seven miles in area unreasonable.  He found, however, it reasonable to restrict the defendant from engaging in the "baker business directly or indirectly," within a radius of four miles of No. 136 Hudson Street, Boston, for a period of four years from October 15, 1949.  He further found that the defendant, in violation of this restriction, is and has been engaged in the "baker business directly or

indirectly," and ordered the entry of a decree enjoining the defendant from continuing in such business. From a decree to this effect the defendant appeals. There was no error in the entry of the decree.

It is well settled that a covenant of the sort here in question may be enforced by injunction "if the interest to be protected is consonant with public policy and if the restraint is limited reasonably in time and space. What is reasonable depends upon the facts." *Becker College of Business Administration & Secretarial Science* v. *Gross,* 281 Mass. 355, 358. Here the judge found the original limitations to be unreasonable and modified them to the extent necessary to protect the plaintiffs. We are of opinion that the restrictions as modified are justifiable and enforceable. *Metropolitan Ice Co.* v. *Ducas,* 291 Mass. 403, 405. *New England Tree Expert Co. Inc.* v. *Russell,* 306 Mass. 504, 509. The principles controlling these negative covenants were recently discussed in *Cedric G. Chase Photographic Laboratories, Inc.* v. *Hennessey, ante,* 137. They are applicable here.

*Decree affirmed with costs.*