LEONARD ABRAMSON *vs.* ALAN R. BLACKMAN.

Middlesex.    March 10, 1960. — April 27, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
CUTTER, JJ.

*Contract,* Of employment, Validity, Agreement not to compete.    *Unlaw-
ful Interference.*

A provision of an employment contract between a real estate broker and
a salesman that the "salesman shall not after the termination of this
contract, use to his advantage . . . any information gained verbally
or from the files of the broker" was unreasonable as being unlimited as
to both time and territory and was too broad in subject matter and was
invalid; and a demurrer was rightly sustained to the declaration in an
action against the salesman by the broker in which the plaintiff alleged
that after termination of the contract the defendant violated such pro-
vision "by using to his own advantage information gained from the
files of the plaintiff, including listings of properties and lists of clients
. . . to the plaintiff's damage."

CONTRACT.    Writ in the Superior Court dated June 2,
1959.

A demurrer to the declaration was sustained by *Gourdin, J.*

*Robert J. Sherer,* for the plaintiff.

*Meyer H. Goldman,* (*Shirley D. Bayle* with him,) for the
defendant.

SPALDING, J.    According to a written contract dated
January 28, 1957, which is annexed to the plaintiff's declara-
tion, the plaintiff and the defendant agreed, among other
things, to the following.    The plaintiff (a real estate broker
in Brookline and referred to as the broker in the agreement)
agreed to employ the defendant as a salesman to sell and
lease real estate on a commission basis.    The agreement
could be terminated by either party on a week's notice.
Paragraph 8 reads: "The salesman shall not after the ter-
mination of this contract, use to his advantage, or to the
advantage of any other persons or organizations, any in-

formation gained verbally or from the files of the broker. All listings of properties and lists of clients accrued by this office and given to the salesman, or such listings or lists that the salesman has accrued during the time that this contract is in force shall be returned to the broker when the salesman leaves the employ of the broker. And, the salesman shall not communicate any of this information to any other person or organization."

The declaration, after reciting that the plaintiff and the defendant had entered into the foregoing agreement and that it had been terminated pursuant to its terms, alleged that after such termination the defendant violated "the provisions of paragraph 8 of said contract by using to his own advantage information gained from the files of the plaintiff, including listings of properties and lists of clients . . . to the plaintiff's damage."

The defendant demurred on the grounds that (1) the matters contained in the declaration are insufficient in law to enable the plaintiff to maintain the action, and (2) the contract was unenforceable because it was "illegal, invalid, [and] in restraint of trade." An order was entered sustaining the demurrer, from which the plaintiff appealed.

It is settled in this Commonwealth that "a covenant restraining trade or competition, inserted in a contract for personal service, is not in itself invalid if the interest to be protected is consonant with public policy and if the restraint is limited reasonably in time and space. What is reasonable depends upon the facts." *Becker College of Business Admn.* v. *Gross,* 281 Mass. 355, 358. *New England Tree Expert Co. Inc.* v. *Russell,* 306 Mass. 504, 508. See *Club Aluminum Co.* v. *Young,* 263 Mass. 223, 225–226; *Sherman* v. *Pfefferkorn,* 241 Mass. 468, 474.

The restraints in paragraph 8 on the defendant's ability to act are unlimited as to both time and area. And in another respect paragraph 8 is objectionable; it prevents the defendant from using to his advantage *"any* information gained verbally or from the files of the broker" (emphasis supplied). An employer may prevent his employee, upon

termination of his employment, from using, for his own advantage or that of a rival and to the harm of his employer, confidential information gained by him during his employment; but he may not prevent the employee from using the skill and general knowledge acquired or improved through his employment. *Club Aluminum Co.* v. *Young,* 263 Mass. 223, 226–227. *Padover* v. *Axelson,* 268 Mass. 148, 151. *Woolley's Laundry, Inc.* v. *Silva,* 304 Mass. 383, 386. *Junker* v. *Plummer,* 320 Mass. 76, 79. We are of opinion that the prohibition in paragraph 8 against the use of "any information" is too broad and is, therefore, invalid. It is broad enough to embrace matters which the employee ought not to be prevented from carrying away with him. It is not the policy of our law to enforce restraints of that sort, especially when they are unlimited as to territory and time.

We are mindful that in equity contracts which are too broad as to time or territory have been saved by the court, if reasonably divisible, by cutting down the time or territory so that they may be enforced to the extent necessary to protect the plaintiff.[1]  *Cedric G. Chase Photographic Labs. Inc.* v. *Hennessey,* 327 Mass. 137, 139, and cases cited. But we have found no case, nor have we been referred to any, where this has been done on the law side of the court. We assume, without deciding, that it could be, although this is a matter which is better suited to a court of equity, where decrees may be moulded to fit the circumstances of the particular case, than to a court of law. But however that may be, the restraints discussed above are not reasonably divisible and could not be saved even in a court of equity. The demurrer was rightly sustained.

*Order sustaining demurrer affirmed.*

---

[1] We have found no case where a contract has been saved where it was too broad as to subject matter.