**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOSTON SCIENTIFIC
CORPORATION,

        Plaintiff-Counter-
        Defendant- Appellant,

v.

MIKELLE MABEY; ADVANCED
NEUROMODULATION SYSTEMS,
doing business as St. Jude
Neuromodulation Division,

        Defendant-Counter-
        Plaintiffs-Appellees,

v.

BOSTON SCIENTIFIC
NEUROMODULATION
CORPORATION,

        Third-Party-
        Defendant-Appellant.

No. 10-4201
(D.C. No. 2:10-CV-00467-CW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation (collectively "Boston Scientific") filed suit to enforce a non-compete agreement against Mikelle Mabey, a former employee, and St. Jude Medical Neuromodulation Division ("St. Jude"), her current employer. The district court held in favor of Mabey and St. Jude, and Boston Scientific appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

**I**

The underlying facts are not in dispute. Mabey began working for Boston Scientific as an at-will employee in 2006. Throughout her tenure with the medical device manufacturer, she earned variable compensation through a bonus program in addition to her base salary. Boston Scientific's 2008 bonus program guaranteed Mabey a minimum bonus of 12 percent of her base salary unless she failed to meet certain compliance requirements.

In 2009, after Mabey had worked for Boston Scientific for three years, the company asked her to sign a non-compete agreement. If she signed, she would remain eligible for her quarterly bonus under a program substantially identical to the 2008 program. If she did not sign, Boston Scientific would reduce her bonus eligibility by $1,000 for each of the final three quarters of 2009; however, she would remain employed at-will and would continue to receive the same base

-2-

salary.  Mabey signed the agreement on March 2, 2009.  As a result, she earned $3,000 more in bonus pay than if she had not signed the agreement.

In May 2010, Mabey left Boston Scientific to work for its competitor, St. Jude.  Boston Scientific filed suit in Utah federal district court to enforce the non-compete agreement.  Both sides moved for summary judgment.  The parties stipulated that Massachusetts law governed, and they agreed to have the district court decide the case based on the record and oral argument.

The district court held in favor of Mabey and St. Jude.  It concluded that the non-compete was unenforceable due to a lack of consideration because Boston Scientific "merely kept Mabey's compensation the same" in exchange for her signing the agreement.[1]

## II

We review the district court's legal conclusions de novo.  Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard, 393 F.3d 1119, 1121 (10th Cir. 2004) (de novo review applies when the parties agree that oral argument on cross motions for summary judgment can be treated as a bench trial).

---

[1]    Finding this conclusion dispositive, the district court did not consider whether Boston Scientific's promise of a bonus was illusory, or whether the agreement was an unconscionable contract of adhesion.

## A

For a non-compete agreement to be enforceable under Massachusetts law, it must be supported by consideration. Marine Contractors v. Hurley, 310 N.E.2d 915, 918 (Mass. 1974). An employer must provide the employee some "clear additional benefit." Cypress Grp. v. Stride & Assocs., No 036070BLS2, 2004 WL 616302, at *3 (Mass. Super. Ct. Feb. 11, 2004) (unpublished). To interpret this requirement, the district court looked to a series of cases holding that continued employment is insufficient consideration to support a non-compete agreement, even when employment is at-will. See IKON Office Solutions v. Belanger, 59 F. Supp. 2d 125, 131 (D. Mass. 1999); Eng'g Mgmt. Support v. Puca, No. MICV200501082L, 2005 WL 1476462, at *1 (Mass. Super. Ct. Apr. 11, 2005) (unpublished) (citing IKON); Rellstab v. John Hancock Fin. Servs., No. 011281B, 2004 WL 1050748, at *1 (Mass. Super. Ct. Mar. 24, 2004) (unpublished) (quoting IKON). According to IKON and its progeny, for a post-employment agreement to withstand scrutiny, there must be "some evidence that the terms of the underlying employment contract had been [re]negotiated." IKON, 59 F. Supp. 2d at 131.

Reasoning by analogy, the district court extended IKON to the facts of this case. The court concluded that "merely continuing compensation at the same level, in exchange for the Non-Compete Agreement, no more constituted a 'clear additional benefit' than continuing a person's employment does in an at-will

-4-

employment situation." Although Boston Scientific had the "authority" as an at-will employer "to change Mabey's compensation from year-to-year," it could not provide sufficient consideration for a restrictive covenant simply by agreeing not to reduce her compensation.

**B**

Massachusetts courts have been less than clear on the issue of consideration for non-compete agreements formed post-employment. See, e.g., EMC Corp. v. Donatelli, No. 091727BLS2, 2009 WL 1663651, at *6 (Mass. Super. Ct. May 5, 2009) (unpublished) ("[T]o the extent that IKON stands for the proposition that . . . mere continuation of [a] defendant's existing employment [is] not sufficient [consideration] . . . IKON does not reflect current Massachusetts law."); see also Optos, Inc. v. Topcon Med. Sys., 777 F. Supp. 2d 217, 231 (D. Mass. 2011) (stating that "Massachusetts has recognized the doctrine that continued employment alone may suffice to support non-competition or other restrictive covenants"); Wilkinson v. QCC, No. 99-P-1854, 2001 WL 1646491, at *1 (Mass. App. Ct. Dec. 21, 2001) (unpublished) (concluding that "to the extent new consideration was required [for the non-compete agreement], continued employment was the consideration"). Because there appears to be intrastate confusion, we must first determine whether IKON and the other continued employment cases relied upon by the district court correctly state Massachusetts law. See Grain Dealers Mut. Ins. Co. v. Lower, 979 F.2d 1411, 1416 (10th Cir.

-5-

1992) ("As a court sitting in diversity, we must apply a state supreme court's most recent statement of state law." (quotation omitted)).

Although the Massachusetts Supreme Court has not addressed this issue for several decades, its most recent relevant decision held that a non-compete agreement supported only by continued employment was "not void for lack of consideration." Sherman v. Pfefferkorn, 135 N.E. 568, 569 (Mass. 1922); see also Econ. Grocery Stores v. McMenamy, 195 N.E. 747, 747-48 (Mass. 1935) (reiterating this rule in dicta).

The IKON court declined to follow this precedent based on two cases decided by lower Massachusetts courts. IKON, 59 F. Supp. 2d at 131 (citing First E. Mortg. Corp. v. Gallagher, No. 943727F, 1994 WL 879546 (Mass. Super. Ct. July 21, 1994) (unpublished) and Sentry Ins. v. Firnstein, 442 N.E.2d 46 (Mass. App. Ct. 1982)). Neither case, however, directly addresses the question of whether continued employment can constitute sufficient consideration in this context. Instead, these cases hold that when an employer forces an employee to sign a non-compete agreement on threat of termination, that agreement is formed under "practical duress." First E. Mortg. Corp., 1994 WL 879546, at *1; Sentry Ins., 422 N.E.2d at 47-48. Duress and consideration are distinct inquiries. More importantly, as the IKON court itself acknowledged, these lower-court decisions could not "specifically abrogate" the holdings of Massachusetts' highest court. 59 F. Supp. 2d at 131.

-6-

To the extent that it contradicts the Massachusetts Supreme Court in Pfefferkorn, we decline to follow IKON.  See Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, 454 F.3d 1128, 1134 (10th Cir. 2006) (stating that Courts of Appeals sitting in diversity may not predict that a state supreme court will overrule its own precedent in the "complete absence of any indication from that court of its inclination to do so" (quotation omitted)).  Because we discern no binding Massachusetts precedent holding that continued at-will employment is insufficient consideration for a post-employment agreement, we reject the district court's extension of this principle to covenants supported by an employer's agreement to continue compensation at the same level.

C

Having resolved this threshold issue, we now turn to whether Boston Scientific provided adequate consideration to support its non-compete agreement with Mabey.  We hold that it did.

Because Mabey was an at-will employee, Boston Scientific was free to reduce her future compensation at any time.  It had no preexisting legal obligation to pay Mabey the $3,000 she received in exchange for signing the non-compete agreement.  This payment, accordingly, constitutes sufficient consideration under Massachusetts law.  See Fall River Hous. Joint Tenants Council, Inc. v. Fall River Hous. Auth., 448 N.E.2d 70, 73 (Mass. App. Ct. 1983).

Mabey and St. Jude nevertheless argue that there was a failure of consideration because Boston Scientific incurred no additional expense. Consideration is sufficient, however, "if there is either a benefit to the promisor or a detriment to the promisee." Marine Contractors, 310 N.E. 2d at 919 (rejecting "the notion that consideration to support a promise must flow only from the promisee"). In exchange for signing the non-compete, Mabey received a benefit to which, as an at-will employee, she had no legal right. This was sufficient to form a valid agreement.

## III

The judgment of the district court is **REVERSED** and the case **REMANDED** for reconsideration consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge