SIMON PADOVER *vs.* SYDNEY AXELSON & others.

Suffolk.   May 15, 16, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Agency,* Agent's duty of fidelity.   *Contract,* Of employment.   *Equity Jurisdiction,* To enjoin unlawful interference.   *Unlawful Interference. Good Will.   Trade Secret.*

Substantially all the patronage of a cleansing and dyeing business was obtained by means of solicitation of tailors by employees of the proprietor, three of whom thus secured many customers for him. No list of the proprietor's customers was given by him to those employees, and no confidential information as to customers was acquired by them. There was no agreement between them and the proprietor which specifically would prevent them from entering the employment of a competitor of the proprietor. They subsequently terminated their employment with the proprietor and became employees, stockholders and officers of a corporation formed at about the same time to carry on a cleansing and dyeing business in the same locality. They thereafter solicited customers of their former employer and succeeded in obtaining the patronage of one third to one half of the customers whom they had solicited while in his employ. In a suit in equity thereafter brought by the proprietor against his three former employees and the corporation, seeking to have the individual defendants enjoined from soliciting those customers of the plaintiff whom they had solicited while in his employ, and to have the defendant corporation enjoined from employing the other defendants, it was *held,* that

(1) In the circumstances, there was no breach by the individual defendants of any duty owed by them to the plaintiff: there was no violation of trust and confidence placed in them by him nor any use by them of confidential information secured by them solely through their employment by the plaintiff; those defendants had the right to

use their skill, knowledge and acquaintance with customers in the employ of another;

(2) The bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on January 3, 1929, against Sydney Axelson, Benjamin Wilson, Judah Woolf, Charlotte Smith, and City Cleansers & Dyers, Inc.

The suit was heard by *Whiting*, J. The bill, material facts found by the judge and a final decree entered by his order are described in the opinion. That decree also directed that the bill be dismissed as against the defendant Smith. The defendants, except Smith, appealed.

*L. A. Mayberry*, (*W. F. Levis* with him,) for the defendants.

*E. Mark Sullivan*, for the plaintiff.

CARROLL, J. This suit in equity is brought to restrain the individual defendants from disclosing information concerning the plaintiff's business and from soliciting customers of the plaintiff who were such customers on the defendants' routes when the employment of the individual defendants by the plaintiff terminated, and to restrain the defendant corporation from employing the individual defendants. In the Superior Court a decree was entered restraining the defendants Axelson, Wilson and Woolf for one year from soliciting the plaintiff's customers, and restraining the defendant corporation for one year from employing these individuals in soliciting the customers of the plaintiff who were served by the individual defendants while in the plaintiff's employment. Damages were awarded. The defendants, with the exception of the defendant Smith, appealed.

The plaintiff for many years was engaged in the business of dyeing and cleansing fabrics. The individual appellants had been employed by him as drivers of trucks, as collectors and solicitors. The business was carried on in this manner: Tailors receive from customers garments to be cleansed or dyed; the employees of the wholesale cleanser collect the garments from the tailors and when finished deliver them. This field from which the work is obtained is divided into separate routes, to each of which a solicitor is assigned. The judge found that the employer ordinarily is not acquainted

with the tailors. "The patronage of such tailors is retained by the service afforded by the solicitors and by the personality of the latter." In the practical operation of the wholesale cleansing business substantially all the business is originally obtained by solicitation.

About eighteen months before the filing of the bill of complaint many of the tailors who were customers of the plaintiff ceased to give their work to the plaintiff because of a disagreement as to price. The defendant corporation was organized on October 2, 1928. It did not begin its business operations until the week of December 10, 1928, which operations, the judge found, "included the soliciting of business from tailors." Axelson's employment with the plaintiff ended October 29, 1928, Wilson's October 31, 1928, and Woolf's November 3, 1928. The defendant corporation was organized for carrying on the same line of business as the plaintiff's, and maintains a plant in the same locality as the plaintiff's place of business. Axelson, Wilson and Woolf are stockholders and officers in the defendant corporation. After December 10, 1928, Axelson, Wilson and Woolf solicited business from the former patrons of the plaintiff and were successful in obtaining from thirty-three per cent to fifty per cent of the tailors whom they served while in the employ of the plaintiff. Prior to entering the plaintiff's employment, Axelson had been employed by another cleansing concern as a solicitor and brought with him to the plaintiff substantially "all of the patronage so enjoyed by him." Wilson had been in the employment of the plaintiff for about six years; in the district where he worked the number of the plaintiff's customers was increased. "So far as the city of Brockton is concerned, at the time of Woolf's employment the plaintiff had no customers in such city, and most of the patronage thereafter enjoyed by the plaintiff therein resulted from Woolf's original solicitation." As we construe the findings of the trial judge, no written list of the plaintiff's customers was given to the individual defendants. The plaintiff endeavored to have Axelson, Wilson and Woolf sign a written contract, but they refused; and it was found that they did not during their employment with the plaintiff

seek to entice from the plaintiff his customers. The plaintiff's bill was filed January 3, 1929.

There was no written contract preventing Axelson, Wilson and Woolf from entering the employment of a competitor of the plaintiff, and there was no finding of any oral contract of this kind. No written or printed list of the plaintiff's customers was copied, and no information confidentially acquired as to the details of the plaintiff's business was used by them. These appellants solicited the former customers of the plaintiff, but there was no breach of any duty owed the plaintiff in this. They could use their knowledge of the trade. Their acquaintance with the customers, their skill and intelligence as salesmen were not surrendered to the plaintiff. "The employee may achieve superiority in his particular department by every lawful means at hand, and then, upon the rightful termination of his contract for service, use that superiority for the benefit of rivals in trade of his former employer. As was said in *Herbert Morris, Ltd.* v. *Saxelby,* [1916] 1 A. C. 688, at page 714, 'a man's aptitudes, his skill, his dexterity, his manual or mental ability . . . ought not to be relinquished by the servant; they are not his master's property; they are his own property; they are himself. There is no public interest which compels the rendering of those things dormant or sterile or unavailing; on the contrary, the right to use and expand his powers is advantageous to every citizen, and may be highly so for the country at large.'" *Club Aluminum Co.* v. *Young,* 263 Mass. 223, 227. This principle is applicable here and is decisive of the case.

There is a plain distinction between cases where an agent, clerk or salesman leaves one employer and uses his skill and knowledge of the trade in the service of another, and where there is a violation of trust and confidence and confidential information, secured solely through his employment, which is used to the injury of his former employer. *Aronson* v. *Orlov,* 228 Mass. 1, 5. *Wireless Specialty Apparatus Co.* v. *Mica Condenser Co. Ltd.* 239 Mass. 158.

These appellants, upon the facts in this case, had the right to earn a living among the people to whom they were known,

and they should not be enjoined from going into business for themselves, or entering the employ of another, and seeking the patronage of business acquaintances who became such in the course of a previous employment. *Fulton Grand Laundry Co.* v. *Johnson,* 140 Md. 359. *Newark Cleaning & Dye Works, Inc.* v. *Gross,* 97 N. J. Eq. 406. See *American Stay Co.* v. *Delaney,* 211 Mass. 229.

*Essex Trust Co.* v. *Enwright,* 214 Mass. 507, *Horn Pond Ice Co.* v. *Pearson,* 267 Mass. 256, and similar cases in which there was a breach of duty in using information confidentially acquired, are not applicable.

The plaintiff relies on *Colonial Laundries, Inc.* v. *Henry,* 48 R. I. 332. In the course of that opinion (pages 335, 336) it was said: "That a list of customers who wish the drivers to call for laundry is of special importance to the employer is hardly open to dispute. When a selected list has been built up by labor and expense on the part of the employer and is secretly imparted to a specific employee for a specific purpose it is not a part of the employee's general knowledge which may be freely used anywhere." It would appear in that case that the decision was based on the fact that the employees were in possession of confidential knowledge, the list of customers having been made known to them by the employer. On this ground the case is to be distinguished from the case at bar where, as the judge found, the patronage of the plaintiff's customers was secured largely by the service and personality of the solicitors.

It follows that the decree is to be reversed and a decree entered for the defendants dismissing the bill with costs.

*Ordered accordingly.*