Max J. May vs. Samuel Angoff & another.

Suffolk.    May 23, 1930. — July 3, 1930.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Unlawful Interference. Equity Pleading and Practice*, Requests and rul-
ings, Appeal. *Agency*, Agent's duty of fidelity. *Contract*, Of employ-
ment. *Equity Jurisdiction*, To enjoin unlawful interference. *Good
Will.*

Following the hearing of a suit in equity by a judge of the Superior
Court, the plaintiff, one day after the time for filing expired, filed
certain requests for rulings which were refused. A final decree was
entered dismissing the bill, from which the plaintiff appealed. There
was nothing in the record to show that the plaintiff objected to the
refusal by the judge to give the rulings requested. The evidence was
not reported. *Held,* that
  (1) The rulings requested could not be considered by this court,
since, apart from their late filing, the plaintiff had not objected to
the refusal to give them;
  (2) The only question before this court was whether the final
decree was warranted by the judge's findings.
In a suit in equity by a distributor of newspapers, magazines and peri-
odicals to enjoin one formerly in his employ for several years from
soliciting his customers, it was found that the defendant had been
employed under an oral contract, terminable at the will of either
party without notice, to distribute the plaintiff's newspapers, maga-
zines and periodicals on a certain route and to solicit new customers
thereon; that the defendant had a small book in which he wrote
down information originally given him by the plaintiff as to existing
customers and also information concerning new customers obtained
by his own solicitation; that, when the defendant subsequently left
the plaintiff's employ, he returned the book to the plaintiff; that most
of the information which the defendant then had as to the plaintiff's
customers had been derived from the defendant's own efforts in solici-
tation; that the defendant then started a similar business of his own
on the same route and solicited the customers thereon for himself;
and that he soon secured from one fourth to one third of them. It
did not appear that the defendant copied down the information con-
tained in the book or that he used any information confidentially
imparted to him by the plaintiff or that he had agreed that he would
not engage in business on his own account at any time. *Held,* that

(1) The defendant, in leaving the plaintiff's employ and in engaging in business for himself, violated no duty which he owed to the plaintiff;

(2) On the facts, the plaintiff was not entitled to relief; following *Padover* v. *Axelson*, 268 Mass. 148.

BILL IN EQUITY, filed in the Superior Court on September 10, 1929, and afterwards amended, described in the opinion.

The suit was heard by *Bishop*, J., material findings by whom are stated in the opinion. By his order, a final decree was entered dismissing the bill. The plaintiff appealed.

*F. L. Norton*, (*J. Priluk* with him,) for the plaintiff.

*L. J. Halloran*, for the defendants, submitted a brief.

CROSBY, J. This is a bill in equity to restrain the defendants, who were minors, and former employees of the plaintiff, from soliciting his customers. The case was heard by a judge of the Superior Court who made certain findings of fact, rulings of law, and an order for a decree dismissing the bill with costs.

The judge found that the plaintiff had been for twenty-three years a distributor of newspapers, periodicals and magazines in Boston upon nine routes; that he had employed one of the defendants for six years and the other for three years in the physical distribution of newspapers, periodicals, and magazines on three of the routes under oral contracts of employment; that either party could terminate the employment without notice; that there was no agreement that the defendants should not at any time engage in business on their own account. The information respecting to whom to deliver the newspapers and other articles was originally furnished to the defendants by the plaintiff when they entered his employ, or when they took a particular route, by statements in the books from which bills to the plaintiff's customers were made out; and the defendants obtaining that information wrote it in a little book. The defendants were expected to solicit new customers and did so, as well as old subscribers who had previously temporarily cancelled their subscriptions. The names of all these customers were entered in the little book kept by each defendant. The judge found that the information which the defendants had as to the plaintiff's customers when they left his employ

on September 1, 1929, "may have come in small part" from the information originally given them by the plaintiff when they took up particular routes, but that it came in large part from information obtained by each defendant for himself as a part of his employment in endeavoring to secure new subscriptions. Each defendant was paid a salary, not based on time but upon the work actually done, and in addition was paid a bonus from which deductions were made in case of complaints. The plaintiff also paid stated sums for new subscriptions.

When the defendants left the employ of the plaintiff they returned to him the little books, and started in a similar business for themselves over the routes they had formerly covered for him. The judge further found that by reason of their long employment by the plaintiff and their own solicitation of customers, they knew who the plaintiff's customers on those routes were; that they immediately proceeded to solicit these customers for their own business, and in a large number of instances succeeded in securing them, some because the customers were dissatisfied with the service rendered by the plaintiff, and others by reason of the personality of the defendants, and of a desire on the part of the customers to help the defendants. By the middle of September the defendants had secured from one fourth to one third of the customers formerly served by them while in the employ of the plaintiff.

The judge states that "The plaintiff filed on November 5, one day after the time for filing had expired, the fourteen requests for rulings which are attached hereto." He then dealt with the requests provided they were properly before him, giving some and refusing to give others. He also gave the defendants' first request that "As a matter of law the finding must be for the defendants." Apart from the fact that the requests were not seasonably filed, they cannot be considered, as there is nothing in the record to show that the plaintiff objected to the refusal to rule as requested. A final decree was entered from which the plaintiff appealed. As the evidence is not reported, the findings of fact must stand. *Reno* v. *Cotter*, 236 Mass. 556, 559. The only ques-

tion for our determination is whether the decree was warranted upon the findings.

It is plain that, in leaving the employ of the plaintiff and in engaging in business for themselves, the defendants violated no legal duty which they owed the plaintiff. They returned the books containing names of customers of the plaintiff, and it does not appear that the lists were copied or that the defendants had any knowledge of the plaintiff's customers unless they remembered them. There is no finding that any information confidentially acquired respecting the plaintiff's business was used by them. It was said in *Padover* v. *Axelson*, 268 Mass. 148, 151, 152, recently decided by this court, that the defendants "solicited the former customers of the plaintiff, but there was no breach of any duty owed the plaintiff in this. They could use their knowledge of the trade. Their acquaintance with the customers, their skill and intelligence . . . were not surrendered to the plaintiff. . . . These appellants, upon the facts in this case, had the right to earn a living among the people to whom they were known, and they should not be enjoined from going into business for themselves, or entering the employ of another, and seeking the patronage of business acquaintances who became such in the course of a previous employment." We are of opinion that in principle the present case cannot be distinguished from *Padover* v. *Axelson, supra.* See also *Club Aluminum Co.* v. *Young,* 263 Mass. 223; *Brannen* v. *Bouley, ante,* 67.

The cases of *Essex Trust Co.* v. *Enwright,* 214 Mass. 507, *Aronson* v. *Orlov,* 228 Mass. 1, *Colonial Laundries, Inc.* v. *Henry,* 48 R. I. 332, and the other cases relied on by the plaintiff are distinguishable in their facts from the case at bar.

The final decree dismissing the bill is affirmed with costs.

*Ordered accordingly.*