COMMONWEALTH LAUNDRY COMPANY *vs.* WINTHROP H. DAGGETT.

Middlesex.     February 8, 1933. — May 23, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract,* Of employment, Construction, Performance and breach, What constitutes. *Unlawful Interference.*

One, who was employed as "solicitor, collector and driver of a laundry wagon" by a corporation in 1921 under a contract in writing containing a provision, in substance, that he would not "engage in the business or employment contemplated by this agreement or any similar thereto either as principal, agent or servant, within the territory of" Boston and the Newtons for one year after the termination of the agreement, after three or four years was made assistant route foreman and his superior told him orally that he wanted him to agree never to solicit customers if he left the plaintiff's employ, and referred to some one who had tried such solicitation in violation of an agreement, to which the employee replied that he "would not do such a thing." Nearly eleven years after the original contract, the employee left the employment of the corporation and immediately solicited business from customers of the corporation on its route in Belmont and Watertown, whose names he had learned while working for the plaintiff. The corporation forthwith by suit in equity sought to enjoin him from so doing. The suit was dismissed. Upon appeal by the plaintiff, it was *held,* that

(1) Even if the contract in writing remained in force after the defendant had been made assistant route foreman, he had not violated its provisions, because he had not solicited business in Boston or the Newtons;

(2) The judge was warranted in finding that the defendant's conversation with his superior on his assuming the duties of assistant route manager did not amount to a binding contract suitably limited as to time;

(3) The suit properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on October 18, 1932, and described in the opinion.

The suit was heard by a master, and, upon the filing of his report, by *Gray*, J., by whose order a final decree was entered dismissing the bill. The plaintiff appealed.

*W. P. Dyer & W. B. Grant*, for the plaintiff.

*C. H. McMahon*, for the defendant.

WAIT, J. In December of 1921 the plaintiff employed the defendant to serve it as "solicitor, collector and driver of a laundry wagon." A written contract was entered into by which, among other things, the defendant agreed from time to time, as required, to "furnish his . . . employer or his assigns with a full, complete and accurate list of all the names and addresses of the customers upon the routes traversed by him," to do business with said customers in the name of the employer or its assigns, "that the routes traversed by him and the names and addresses of the customers thereof shall be the property of his said employer, or his assigns, whether knowledge of the same shall have been acquired before or during the continuance of this agreement, and that he will not at any time during the continuance of this agreement, or for one year after any termination thereof, disclose said route or the names and addresses of the customers thereon to any other person, firm or corporation whatsoever; that he will do, suffer or consent to no act or thing to the prejudice of his said employer's business." The agreement was to continue in force until terminated by mutual consent or one week's written notice. It contained also a covenant by the defendant that he "will not engage in the business or employment contemplated by this agreement or any similar thereto either as principal, agent or servant, within the territory of the City of Boston and the Newtons, Counties of Suffolk [*sic*], State of Massachusetts, for one year after any termination of this agreement."

After three or four years the defendant was made an assistant route foreman, which took him out on different routes with different drivers to check up on the drivers, solicit new business, adjust complaints of customers and generally to do what was necessary to keep the business in good order and obtain new business. When the man in

charge announced his intention to make the promotion, he told the defendant that he wanted him to agree never to solicit customers if he left the plaintiff's employ, and referred to some one who had tried such solicitation in violation of an agreement. The defendant said he "would not do such a thing." No new writing was made.

The defendant left plaintiff's employment October 11, 1932. Immediately he began soliciting business from customers on the Belmont and Watertown route of the plaintiff. He had, at times while at work for the plaintiff, operated the route either by himself or in assisting the route driver. He solicited and intended to continue to solicit business from customers whose names he learned while in the plaintiff's employ, in Belmont, Watertown and elsewhere except in Boston and the Newtons. While working for the plaintiff he received each day a list of customers to be called on and each week a list of all the customers on the route. These lists he had turned in at the end of the day or the week. He retained none when he ceased work for the plaintiff.

This bill was filed October 18, 1932. It prayed permanent injunction against soliciting or collecting laundry from any customer served by the defendant while employed by the plaintiff or knowledge of whom had been gained while in that employ, or from any of the plaintiff's employees. It prayed also permanent injunction against disclosing the names or addresses of customers of the plaintiff of which the defendant obtained knowledge while employed by the plaintiff.

The foregoing facts are shown by the report of a master to which no exception was claimed by either party. The judge ruled that apart from the agreement nothing appeared which would support a decree; that the written agreement had been terminated when the employment as assistant route foreman was entered upon; that the conversation with the manager was too indefinite to constitute a contract not to solicit, and, if sufficiently definite, the contract was unenforceable because unreasonable in time. He ordered decrees confirming the master's report and dismissing the bill.

No error appears. Even if the written agreement remained in force until October 11, 1932, which we do not mean to imply, the defendant has done nothing in violation of it. The express provision excluding the defendant from solicitation in Boston and the Newtons controls and explains any ambiguity in the earlier provision with reference to the disclosure of names. There was no other limitation on solicitation. The defendant is free to use knowledge honestly acquired. *May* v. *Angoff*, 272 Mass. 317. *Padover* v. *Axelson*, 268 Mass. 148. The situation differs essentially from that in *Boston & Suburban Laundry Co.* v. *O'Reilly*, 253 Mass. 94.

The conversation with the manager is fully as consistent with an assurance that if the defendant made a promise such as that made by the person referred to, he would never do such a thing as to break it, as with a promise, binding beyond the period of employment, never to solicit customers. We cannot properly say the judge was wrong in thinking the plaintiff had failed to show that a binding contract suitably limited as to time had been made. See *Becker College of Business Administration & Secretarial Science* v. *Gross*, 281 Mass. 355, 358.

There are no circumstances of confidential or fiduciary relationship which will sustain an injunction. See *Club Aluminum Co.* v. *Young*, 263 Mass. 223.

*Decree affirmed with costs.*