Judith Ann Taylor & others[1] vs. Eastern Connection Operating, Inc.

Middlesex. January 8, 2013. - May 17, 2013.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Contract*, Employment, Choice of forum clause, Choice of law clause. *Practice, Civil*, Choice of forum, Motion to dismiss. *Conflict of Laws.*

This court concluded that claims arising from certain contracts, which required individuals who lived and worked in New York for a corporation headquartered in Massachusetts to bring suit in Massachusetts, were properly brought in Massachusetts. [193-194]

In a civil action brought by individuals who lived and worked outside Massachusetts against a corporation headquartered in Massachusetts, in which the individuals sought to enforce certain Massachusetts independent contractor, wage, and overtime pay statutes, the judge erred in dismissing the claims on the ground that the Massachusetts independent contractor statute did not apply to non-Massachusetts residents working outside Massachusetts, where the parties had agreed to construe the contract in accordance with Massachusetts law; where no express limitation existed on the territorial reach of the Massachusetts independent contractor statute; and where there was no apparent reason to disregard the parties' choice of law, given that Massachusetts had a substantial relationship to the transaction and that application of Massachusetts law was not contrary to a fundamental policy of the jurisdiction where the individuals lived and worked. [194-200]

Civil action commenced in the Superior Court Department on October 19, 2010.

A motion to dismiss was heard by *Dennis J. Curran*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Shannon Liss-Riordan* (*James W. Simpson, Jr.*, with her) for the plaintiffs.

*Robert R. Berluti* for the defendant.

*Danielle Y. Vanderzanden*, for National Federation of Independent Business Small Business Legal Center, amicus curiae, submitted a brief.

[1]Gardner Taylor and Donald Wellington.

*Audrey R. Richardson*, for Brazilian Immigrant Center & others, amici curiae, submitted a brief.

LENK, J. The question presented in this case is whether, in the circumstances, individuals who live and work outside of Massachusetts for a corporation headquartered in Massachusetts may bring an action in a Massachusetts court to enforce certain Massachusetts independent contractor, wage, and overtime pay statutes. Insofar as the written contract between the parties contains an enforceable clause requiring both that actions be brought in Massachusetts and that the "Contract and all rights and obligations of the parties" be determined under Massachusetts law, and where application of Massachusetts law is not contrary to a fundamental policy of the jurisdiction where the individuals live and work, we conclude that it was error to dismiss the plaintiffs' complaint.[2]

1. *Background.* We recite the facts alleged in the complaint, accepting as true such facts, as well as any reasonable inferences drawn therefrom. See Mass. R. Civ. P. 12 (b) (1), (6), 365 Mass. 754 (1974); *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 322 (1998).

The plaintiffs, Judith Ann Taylor, Gardner Taylor, and Donald Wellington, are individuals who live in New York and work there as couriers for the defendant, Eastern Connection Operating, Inc., a corporation headquartered in Woburn, Massachusetts. The defendant is in the business of delivering packages in various States along the East Coast, including Massachusetts and New York.

The plaintiffs entered into identical contracts (collectively, the contract) with the defendant to perform package pickup and delivery services exclusively in New York.[3] Under the language of the contract, the plaintiffs are classified as "independent

---

[2]We acknowledge the amicus brief of the Brazilian Immigrant Center, the Brazilian Women's Group, Centro Presente, the Chelsea Collaborative, the Chinese Progressive Association, the Massachusetts Coalition for Occupational Safety and Health, the Massachusetts Immigrant and Refuge Advocacy Coalition, Massachusetts Jobs with Justice, the Metrowest Worker Center, and Project Voice/American Friends Service Committee in support of the plaintiffs, and the amicus brief of the National Federation of Independent Business Small Business Legal Center.

[3]The parties have not provided a copy of the complete contract. The complaint

contractors" and the defendant is classified as a "broker" arranging transportation services. The contract also includes the following clause: "This Contract and all rights and obligations of the parties shall be construed in accordance with the laws where the Broker is headquartered and any action shall be commenced in that jurisdiction in the closest [S]tate court."[4]

In 2010, the plaintiffs brought this action in the Superior Court on behalf of themselves and other similarly situated individuals. They alleged that the defendant had misclassified them as independent contractors rather than as employees, in violation of G. L. c. 149, § 148B, the Massachusetts independent contractor statute. They also alleged that the defendant failed to pay them wages and overtime in violation of G. L. c. 149, § 148, the Massachusetts wage statute, and G. L. c. 151, § 1A, the Massachusetts overtime statute (collectively, the Massachusetts wage statutes).

The defendant moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Mass. R. Civ. P. 12 (b) (1), (6). The judge allowed the motion, concluding that the Massachusetts independent contractor statute does not apply to non-Massachusetts residents working outside Massachusetts, and, therefore, that the plaintiffs cannot be reclassified as employees pursuant to that statute. He determined also that, as independent contractors, the plaintiffs failed to state claims under the Massachusetts wage statutes, since those statutes apply only to employees. See G. L. c. 149, § 148; G. L. c. 151, § 1A.

2. *Discussion.* a. *Forum selection.* As an initial matter, we observe that the plaintiffs properly brought their claims against the defendant in the Superior Court. Because the contract states that it is to be construed according to the laws of Massachusetts, we determine the validity of the forum selection clause in accordance with Massachusetts law. See *Melia* v. *Zenhire, Inc.*, 462 Mass. 164, 168 (2012), citing *Jacobson* v. *Mailboxes Etc.*

includes language from the contract's forum selection and choice-of-law clauses and limited additional language from other, unidentified portions of the contract.

[4]We accept as true the inference, reasonably drawn from the complaint, that the contract was drafted by the defendant. See *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 322 (1998).

*U.S.A., Inc.*, 419 Mass. 572, 575 (1995). "Massachusetts courts enforce forum selection clauses so long as they are fair and reasonable." *Melia* v. *Zenhire, Inc., supra* at 182, citing *Jacobson* v. *Mailboxes Etc. U.S.A., Inc., supra* at 574-575. "The opponent of a forum selection clause bears the 'substantial burden' of showing that enforcement of a forum selection clause would be unfair and unreasonable." *Melia* v. *Zenhire, Inc., supra,* quoting *Cambridge Biotech Corp.* v. *Pasteur Sanofi Diagnostics,* 433 Mass. 122, 133 (2000).

Here, the contract states that "any action shall be commenced in that jurisdiction [where the defendant is headquartered] in the closest [S]tate court." Since the defendant drafted the forum selection clause presumably for its own convenience, see note 4, *supra,* there is nothing unfair or unreasonable about enforcing that clause in the present circumstances. Further, Massachusetts courts undoubtedly have personal jurisdiction over the defendant, which is headquartered in the Commonwealth, see G. L. c. 223A, § 2, and the Superior Court has subject matter jurisdiction over disputes of this nature. See G. L. c. 212, §§ 3, 4. The question then becomes which State's law the Superior Court should apply in deciding the plaintiffs' claims.

b. *Choice of law.* i. *Misclassification claim.* The plaintiffs' first claim, on which their other claims are predicated, is that the defendant misclassified them as independent contractors when they are, in fact, employees. Specifically, the plaintiffs invoke the protections of the Massachusetts independent contractor statute.[5] They argue that the choice-of-law clause in the contract requires the application of Massachusetts law to their claims. The defendant contends that the Massachusetts independent contractor

---

[5]Under G. L. c. 149, § 148B (*a*), the Massachusetts independent contractor statute, an individual performing a service is an employee unless:

"(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

"(2) the service is performed outside the usual course of the business of the employer; and,

"(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

statute does not apply to the plaintiffs, who live and work exclusively in New York. We must consider whether, in the circumstances, the parties' express choice of Massachusetts law is controlling.[6]

In assessing which State's law to apply to the plaintiffs' misclassification claim, "we look to our established 'functional' choice of law principles and to the Restatement (Second) of Conflict of Laws [(1971)] [(Restatement)], with which those principles generally are in accord." *Hodas* v. *Morin*, 442 Mass. 544, 549 (2004), quoting *Bushkin Assocs., Inc.* v. *Raytheon Co.*, 393 Mass. 622, 631-632 (1985). Where, as here, the parties have expressed a specific intent as to the governing law,[7] Massachusetts courts generally uphold the parties' choice.[8] See *Steranko* v. *Inforex, Inc.*, 5 Mass. App. Ct. 253, 260 (1977).

---

By contrast, under New York law, an individual performing a service not in the construction industry, see N.Y. Lab. Law § 861-c, is an employee if the hiring party "exercises either control over the results produced or over the means used to achieve the results." *Scott* v. *Massachusetts Mutual Life Ins. Co.*, 86 N.Y.2d 429, 433 (1995), quoting *Matter of Ted Is Back Corp. (Roberts)*, 64 N.Y.2d 725, 726 (1984).

[6]We are concerned here only with that portion of the contract that pertains to the choice of Massachusetts law and the selection of Massachusetts courts as the forum for actions concerning the "contract and all rights and obligations of the parties." We express no opinion on the validity, construction, or enforceability of any other provision of the contract.

[7]The choice-of-law clause directs that "[t]his Contract and all rights and obligations of the parties" be construed in accordance with Massachusetts law. The plaintiffs' misclassification claim clearly falls within the scope of the clause, as the question of classification bears directly on the proper construction of the contract — i.e., whether it constitutes an employment or an independent contractor agreement.

[8]A choice-of-law clause should not be upheld where the party resisting it did not have a meaningful choice at the time of negotiation — i.e., where the parties had unequal bargaining power, and the party now attempting to enforce the choice-of-law clause essentially forced the clause upon the weaker party. See Restatement (Second) of Conflict of Laws § 187 comment b (1971) ("A factor which the forum may consider is whether the choice of law provision is contained in an 'adhesion' contract, namely one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms"); L.L. McDougal, III, R.L. Felix, & R.U. Whitten, American Conflicts Law § 137 (5th ed. 2001) ("A court should disregard [the parties'] stated intent when it is contained in an adhesion contract"). See also Fine, Massachusetts Contract Cases and Problems in the Choice of Law, 43 Mass. L.Q., 46, 49 (Oct. 1958). Cf. *Melia* v. *Zenhire, Inc.*, 462 Mass. 164, 169 (2012) ("unfairness . . . such

Under the Restatement, if the particular issue to which the choice-of-law clause is being applied is "one which the parties could have resolved by an explicit provision in [the contract] directed to that issue," Restatement, *supra* at § 187(1), the parties' choice of law should be upheld, on the theory that, where permissible, the parties "may incorporate into the contract by reference extrinsic material which may, among other things, be the provisions of some foreign law." *Id.* at § 187 comment c.

If, however, the particular issue to which the choice-of-law clause is being applied is "one which the parties could not have resolved by an explicit provision" in the contract, the parties' choice of law should be upheld, unless (1) "the chosen [S]tate has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or (2) "application of the law of the chosen [S]tate would be contrary to a fundamental policy of a [S]tate which has a materially greater interest than the chosen [S]tate in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice by the parties." Restatement, *supra* at § 187(2). See *Feeney* v. *Dell Inc.*, 454 Mass. 192, 206 (2009), quoting *Hodas* v. *Morin, supra* at 550. See also L.L. McDougal, III, R.L. Felix, & R.U. Whitten, American Conflicts Law § 137 (5th ed. 2001).

Here, the parties expressed a specific intent that the contract be construed in accordance with Massachusetts law. The particular issue — whether the plaintiffs were independent contractors or employees — is not one the parties could resolve with an explicit provision in the contract, as, under either New York or Massachusetts law, a court could conclude that the plaintiffs were employees regardless of their classification under

---

as . . . abuse of economic power" would compel rejection of forum selection clause).

Here, there is no concern that the choice-of-law clause was forced upon the party now resisting it, as the defendant, the party that drafted the choice-of-law clause, is now attempting to disclaim it, rather than to enforce it. See note 4, *supra.* Any concern over unequal bargaining power in the underlying negotiation would suggest that the clause should be enforced, rather than discarded. See *American Ins. Co.* v. *Frischkorn*, 173 F. Supp. 2d 514, 519 (S.D. W. Va. 2001) ("inequitable" and "unjust" for stronger party "to forsake [its] own choice-of-law clause simply because it benefits the opposing parties").

the language of the contract. See G. L. c. 149, § 148B (*a*); *Scott* v. *Massachusetts Mut. Life Ins. Co.*, 86 N.Y.2d 429, 433 (1995), quoting *Matter of Ted Is Back Corp. (Roberts)*, 64 N.Y.2d 725, 726 (1984). Therefore, we apply the "two-tiered analysis" of § 187(2). *Hodas* v. *Morin*, *supra* at 550.

First, because the defendant is headquartered in Massachusetts, "we readily conclude that Massachusetts has a 'substantial relationship' to the transaction." *Id.*, quoting Restatement, *supra* at § 187(2)(a).

Second, even if we were to assume that New York has a greater interest in the determination of the issue, and that New York law would apply in the absence of an effective choice by the parties, application of Massachusetts law would not in any event contravene a fundamental policy of New York. See Restatement, *supra* at § 187(2)(b). Under both Massachusetts and New York law, a purported independent contractor who does not enjoy sufficient independence from the hiring party is deemed an employee. See G. L. c. 149, § 148B (*a*); *Scott* v. *Massachusetts Mut. Life Ins. Co.*, *supra*, quoting *Matter of Ted Is Back Corp. (Roberts)*, *supra*. Although the Massachusetts independent contractor statute features a more expansive definition of "employee" than the New York common-law test, "[t]he fact . . . that a different result might be achieved if the law of the chosen forum is applied does not suffice to show that the [forum] law is repugnant to a fundamental policy" of the State whose law would otherwise apply. *Johnson* v. *Ventra Group, Inc.*, 191 F.3d 732, 740 (6th Cir. 1999), citing *Banek Inc.* v. *Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 363 (6th Cir. 1993). See Restatement, *supra* at § 187 comment g ("To be 'fundamental,' a policy must . . . be a substantial one"). Contrast *Hodas* v. *Morin*, *supra* at 551 (application of Massachusetts law in action for prebirth judgment of parentage contrary to fundamental policy of New York, where New York law prohibits gestational carrier agreements and Massachusetts law permits them).

The defendant points to no authority, and we are aware of none, indicating that it is a fundamental policy of New York that employees be defined only in accordance with the New York common-law test for employment. Rather, we view the fundamental policy of New York in this area as being roughly

equivalent to that of Massachusetts; both States seek to protect workers by classifying them as employees, and thereby grant them the benefits and rights of employment, where the circumstances indicate that they are, in fact, employees. New York simply uses a different mechanism to effectuate this aim than does Massachusetts. Accordingly, under the two-tiered analysis of the Restatement, we discern no reason not to uphold the parties' express choice of law.

The defendant contends that, regardless of choice-of-law principles, the Massachusetts independent contractor statute has no application to work performed outside of Massachusetts by non-Massachusetts residents, and that the choice-of-law clause cannot imbue the statute with extraterritorial effect it otherwise lacks. However, where no explicit limitation is placed on a statute's geographic reach, there is no presumption against its extraterritorial application in appropriate circumstances. See *Hodas* v. *Morin, supra* at 547 ("That the gestational carrier, her husband, and the plaintiffs all reside outside of Massachusetts does not bar the Probate and Family Court's subject matter jurisdiction under G. L. c. 215, § 6, because the equity statute poses no residency requirement"); *O'Connell* v. *Chasdi*, 400 Mass. 686, 689 n.3 (1987) (applying Civil Rights Act, G. L. c. 12, § 11I, to conduct occurring in South America where "the statute does not contain a provision limiting its application"). See also *Gonyou* v. *Tri-Wire Eng'g Solutions, Inc.*, 717 F. Supp. 2d 152, 155 (D. Mass. 2010) ("Massachusetts has applied its statutory law to conduct outside its borders if sufficient contacts with the Commonwealth exist"). Rather, "[w]hen a statute is silent as to its extrastate applicability, as is usually the case, a court may and should as appropriately look to all the relevant choice of law considerations as if it were choosing between common-law rules." Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N.Y.U. L. Rev. 267, 306 (1966).[9]

The Massachusetts independent contractor statute is silent as

---

[9]The defendant relies on the case of Hadfield *vs.* A.W. Chesterson Co., Middlesex Superior Ct., No. 20084382 (Sept. 15, 2009) (Hadfield), for the proposition that Massachusetts statutes are presumed not to apply extraterritorially. Quite apart from its lack of precedential value, see *Ciampi* v. *Commissioner of Correction*, 452 Mass. 162, 169 n.11 (2008), Hadfield concerned the applicability of the Massachusetts wage statute, G. L. c. 149,

to its extraterritorial effect. See G. L. c. 149, § 148B. We therefore rely on our "functional" choice-of-law principles in assessing the applicability of the statute to the plaintiffs' claims. *Bushkin Assocs., Inc.* v. *Raytheon Co.*, 393 Mass. 622, 631-632 (1985). Given that the parties agreed to construe the contract in accordance with Massachusetts law, that there is no express limitation on the territorial reach of the Massachusetts independent contractor statute, and that there is no apparent reason to disregard the parties' choice of law, we conclude that the Massachusetts independent contractor statute applies to the plaintiffs' misclassification claim. See *Gravquick A/S* v. *Trimble*

§ 148, to a situation where work was conducted in sub-Saharan Africa. Hadfield relies on three unpublished Federal District Court cases, each of which addresses extraterritoriality in the international, rather than the interstate, context. See Mitchell *vs.* Abercrombie & Fitch, U.S. Dist. Ct., No. C2-04-306 (S.D. Ohio May 17, 2005); Rathje *vs.* Scotia Prince Cruises, Ltd., U.S. Dist. Ct., No. 01-123-P-DMC (D. Me. Dec. 20, 2001); Doricent *vs.* American Airlines, Inc., U.S. Dist. Ct., Civ. A. No. 91-12084Y (D. Mass. Oct. 19, 1993). These cases, in turn, rely on United States Supreme Court decisions establishing a presumption against the application of Federal statutes to conduct occurring outside the United States. See *Sale* v. *Haitian Ctrs. Council, Inc.*, 509 U.S. 155, 188 (1993); *Equal Employment Opportunity Comm'n* v. *Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991), quoting *Foley Bros.* v. *Filardo*, 336 U.S. 281, 285 (1949); *McCulloch* v. *Sociedad Nacional de Marineros de Honduras*, 372 U.S. 10, 21-22 (1963); *Sandberg* v. *McDonald*, 248 U.S. 185, 195 (1918).

The presumption against the extraterritorial application of Federal statutes is grounded in the assumption that Congress would indicate expressly that a statute applies extraterritorially before intruding on the "delicate field of international relations." *McCulloch* v. *Sociedad Nacional de Marineros de Honduras*, *supra* at 21, quoting *Benz* v. *Compania Naviera Hidalgo, S.A.*, 353 U.S. 138, 147 (1957). See *Equal Employment Opportunity Comm'n* v. *Arabian Am. Oil Co.*, *supra*, citing *McCulloch* v. *Sociedad Nacional de Marineros de Honduras*, *supra* at 20-22 (presumption against extraterritorial application of Federal legislation "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord"). Such concern is inapposite in the interstate context. For this reason, we do not find persuasive the analysis in Hadfield, or in the cases from which it draws support. Assuming without deciding that there is a presumption against the application of Massachusetts statutes outside the United States, but see *O'Connell* v. *Chasdi*, 400 Mass. 686, 689 n.3 (1987) (applying Civil Rights Act, G. L. c. 12, § 11I, to conduct occurring in South America), we conclude that there is no corresponding presumption against the application of Massachusetts statutes to conduct occurring outside Massachusetts but within the United States. See Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N.Y.U. L. Rev. 267, 306 (1966).

*Navigation Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003) ("If a [S]tate law does not have limitations on its geographical scope, courts will apply it to a contract governed by that [S]tate's law, even if parts of the contract are performed outside of the [S]tate . . . . When a law contains geographical limitations on its application, however, courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply [citations omitted]").

Because the Massachusetts independent contractor statute properly applies to the plaintiffs' misclassification claim, it was error to have dismissed that claim. Additionally, because the plaintiffs may yet be deemed employees under the Massachusetts independent contractor statute, it was error as well to dismiss their wage and overtime claims on the ground that, as independent contractors, they failed to state claims under the Massachusetts wage statutes. See G. L. c. 149, § 148; G. L. c. 151, § 1A.

ii. *Wage and overtime claims.* Since the complaint was dismissed at an early stage of the litigation, it has yet to be determined whether, under the Massachusetts independent contractor statute, the plaintiffs were employees of the defendant or independent contractors. Such a determination will govern the plaintiffs' wage and overtime claims, which are predicated on the assertion that they were employees. See G. L. c. 149, § 148; G. L. c. 151, § 1A. If it is determined that the plaintiffs were independent contractors, the wage and overtime claims are subject to dismissal. See G. L. c. 149, § 148; G. L. c. 151, § 1A.

The record before us contains neither the contract nor any information relating to its formation, both of which may bear on the proper construction of the choice-of-law clause, particularly as to whether it may and does encompass statutory wage and overtime claims. In either event, the parties more generally have not had an opportunity to present evidence or argument pertinent to the proper application of our functional choice-of-law principles to such claims. See *Bushkin Assocs, Inc.* v. *Raytheon Co.*, *supra* at 631-634. The matter must accordingly be resolved on remand.

3. *Conclusion.* The judgment of dismissal is vacated, and the

case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*