SUPERIOR COURT 
 
 OXFORD GLOBAL RESOURCES, LLC v. JEREMY HERNANDEZ

 
 Docket:
 1684CV03911-BLS2
 
 
 Dates:
 June 9, 2017
 
 
 Present:
 Kenneth W. Salinger, Justice of the Superior Court
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM AND ORDER ALLOWING DEFENDANT'S MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS
 
 

 Oxford Global Resources, LLC, is a recruiting and staffing company that places individual contractors who have specialized technical expertise with businesses who need workers having such skills. Oxford hired Jeremy Hernandez to work in its Campbell, California, office. To accept Oxford's offer Hernandez had to and did sign an offer letter and a separate "protective covenants agreement" (the "Agreement") that contains confidentiality, non-competition, and non-solicitation provisions. The Agreement provides that it is governed by Massachusetts law and that any suit arising from or relating to that contract must be brought in Massachusetts. 
Oxford alleges that Hernandez breached the Agreement by using information regarding the identity of Oxford's customers to solicit those customers on behalf of a competitor in California. Hernandez has moved to dismiss this action under the forum non conveniens doctrine, arguing that this action should be heard in California, where he lives and worked for Oxford. 
The Court concludes that the forum selection clause is unenforceable and that the interests of justice require that this case be heard in California. The Court will therefore ALLOW the motion to dismiss pursuant to G.L. c. 223A, § 5, and the common law doctrine known as forum non conveniens. 
1. Enforceability of the Forum Selection Clause. 
1.1. California Law Governs the Agreement. Whether Massachusetts courts will enforce a forum selection clause like the one agreed to by Hernandez must be decided under whatever law governs the contract as a whole. See Melia v. Zenhire, Inc., 462 Mass. 164, 168 (2012); Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 575 (1995). Thus, before deciding whether the Agreement's mandatory forum selection clause is enforceable the Court must decide which State's law governs this 
- 1 - 
contract. [1] Although the Agreement specifies that it is governed by Massachusetts law, the Court concludes that choice-of-law provision is unenforceable and that the contract is instead governed by California law. 
"A choice-of-law clause should not be upheld where," as here, "the party resisting it did not have a meaningful choice at the time of negotiation — i.e., where the parties had unequal bargaining power, and the party now attempting to enforce the choice-of-law clause essentially forced the clause upon the weaker party," and enforcing the clause would be unfair to the weaker party. Taylor v. Eastern Connection Operating, Inc., 465 Mass. 191, 195 n.8 (2013). This follows from the general rule that contracts of adhesion are not enforceable if "they are unconscionable, offend public policy, or are shown to be unfair in the particular circumstances." McInnes v. LPL Fin., LLC, 466 Mass. 256, 266 (2013), quoting Chase Commercial Corp. v. Owen, 32 Mass. App. Ct. 248, 253 (1992); accord Sonic-Calabasas A, Inc. v. Moreno, 311 P.3d 184, 202-203 (Cal. 2013). As the American Law Institute has explained: 
A choice-of-law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake. Whether such consent was in fact obtained by improper means or by mistake will be determined by the forum in accordance with its own legal principles. A factor which the forum may consider is whether the choice-of-law provision is contained in an "adhesion" contract, namely one  
--------------------------- 
[1] The Court concludes and the parties seem to agree that the provision stating that the Agreement will be governed by Massachusetts law and that all actions relating to or arising out of the Agreement "will be submitted" to a court in Massachusetts is a mandatory forum selection clause that requires such contract claims to be tried in Massachusetts. Although the contract does not expressly state that jurisdiction in Massachusetts is exclusive or that such suits may not be brought elsewhere, the combination of the "will be submitted" language with a choice of law clause stating that Massachusetts law shall govern the contract has the effect of making Massachusetts the "mandatory and exclusive" venue. See Baby Furniture Warehouse Store, Inc., v. Meubles D & F Ltee, 75 Mass. App. Ct. 27, 31 (2009) (provision stating that contract is governed by Quebec law and that parties "agree to submit themselves to the jurisdiction of Quebec courts for resolution of any disputes arising out of contract or parties' relationship gave Quebec courts "exclusive jurisdiction over any disputes between the parties"); accord Boland v. George S. May Intern. Co., 81 Mass. App. Ct. 817, 826 n.12 (2012) (dictum). 
- 2 - 
that is drafted unilaterally by the dominant party and then presented on a  "take-it-or-leave-it" basis to the weaker party who has no real opportunity to  bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. Common examples are tickets of various kinds and insurance policies. Choice-of-law provisions contained in such contracts are usually respected. Nevertheless, the forum will scrutinize such contracts with care and will refuse  to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent. 
Restatement (Second) of Conflict of Laws § 187 comment b (1971) (emphasis added).
It is apparent that the Agreement is a contract of adhesion and that Hernandez had neither the opportunity nor the bargaining power to negotiate over whether California or Massachusetts law would govern his non-competition, non-solicitation, and confidentiality agreements. The complaint specifically alleges that Oxford would not have hired Hernandez if he did not sign the Agreement, which makes clear that Hernandez had no opportunity to negotiate these issues. Oxford has neither alleged nor proffered any evidence suggesting that the parties had any negotiation over the choice of law or forum selection provisions contained in § 6.3 of the Agreement, or even that Oxford expressed any willingness to discuss those issues. The complaint also reveals that Hernandez had no bargaining power with respect to these issues. The complaint and its attachments indicate that Hernandez was hired to work as an entry-level employee. Oxford agreed to pay Hernandez $50,000 per year to work as an "account manager," and alleges that Hernandez "had no previous experience or skill in the information technology staffing and consulting industry." The only fair inference from the facts alleged by Oxford in its complaint is that Hernandez had no power to bargain over the combined choice-of-law and forum selection provision. 
Oxford notes that § 7.5 of the Agreement states that Hernandez, by signing the contract, acknowledged that he had the opportunity to read the Agreement and to ask his own lawyer to review it, that he understood each provision, and that he was not under duress. But that boilerplate language cannot change the apparent facts that Hernandez had no bargaining power with respect to the choice-of-law and forum selection clauses in Oxford's standard form contract, and that the Agreement signed by Hernandez was not the product of any negotiations between the parties. 
- 3 - 
It is also apparent that the choice-of-law provision was an attempt by Oxford to circumvent California's strong public policy against the enforceability of non-competition agreement. If the Agreement did not contain a choice of law provision, then California law would govern Oxford's claims under the Agreement because California "has the most significant relationship to the transaction and the parties." Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 632 (1985); accord, e.g., Nile v. Nile, 432 Mass. 390, 401 (2000); OneBeacon America Ins. Co. v. Narragansett Elec. Co., 90 Mass. App. Ct. 123, 128 (2016). It is undisputed that Hernandez was a California resident who was recruited and hired by Oxford in California, to work in Oxford's California office, and to service only California clients. Although Oxford says its principal place of business is in Massachusetts, Oxford has alleged no facts and presented no evidence suggesting that Hernandez's contract with and work for Oxford implicated Massachusetts in any way. 
Non-competition agreements like the one that Oxford required Hernandez to sign are not enforceable under California law. See Cal. Bus. & Prof. Code § 16600 ("every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void"). This statute codifies "California's strong public policy against noncompetition agreements." Advanced Bionics Corp. v. Medtronic, Inc., 59 P.3d 231, 236-237 (Cal. 2002). Even before the passage of § 1660, "it has long been the public policy of [California] that `[a] former employee has the right to engage in a competitive business for himself and to enter into competition with his former employer, even for the business of ... his former employer, provided such competition is fairly and legally conducted.' " Reeves v. Hanlon, 95 P.3d 513, 517 (Cal. 2004), quoting Continental Car—Na—Var Corp. v. Moseley, 148 P.2d 9, 13 (Cal. 1944). 
Oxford's argument that the Agreement does not violate California law, because it only bars Hernandez from competing by using confidential information that belongs to Oxford, is without merit. The Agreement provides that Hernandez may not compete against his former employer using Oxford's trade secret information, but it defines the concept of confidential information so broadly that it includes the "identity" of Oxford's customers, prospective customers, and consultants. And the 
- 4 - 
complaint alleges that Hernandez breached the Agreement merely by soliciting companies and individuals that he knew where customers of or consultants placed by Oxford. The non-competition restriction that Oxford seeks to enforce therefore goes far beyond what is permitted under California law or, for that matter, under Massachusetts law. 
An employee is free to carry away his own memory of customers' names, needs,
and habits and use that information, even to serve or to solicit business from those very customers. Such "remembered information" is not confidential because the information itself, as distinguished from an employer's compilation of such information into a list or database, is known to the customers and thus not kept secret by the employer. American Window Cleaning Co. of Springfield, Mass. v. Cohen, 343 Mass. 195, 199 (1961); accord Angell Elevator Lock Co. v. Manning, 348 Mass. 623, 625 (1965); Woolley's Laundry, 304 Mass. at 391-392; Mayv. Angoff; 272 Mass. 317, 320 (1930). The same is true under California law. See Retirement Group v. Galante, 176 Cal.App.4th 1226, 1239-1241, 98 Cal.Rptr.3d 585, 594-596 (Cal. App. Ct. 2009).
Since the mere identity of customers is not confidential, the Agreement that Oxford seeks to enforce is the kind of non-competition agreement that is void under California law. Dowell v. Biosense Webster, Inc., 179 Cal.App.4th 564, 577-579, 102 Cal.Rptr.3d 1, 11-12 (Cal. App. Ct. 2009); Galante, supra. 
In sum, the Agreement's choice-of-law provision is not enforceable because it would result in substantial injustice to Hernandez by depriving him of the freedom to compete against Oxford in California that is guaranteed under California law, and it would do so based solely on a contract clause that Hernandez had no meaningful opportunity to negotiate when he was hired. See Taylor, 465 Mass. at 195 n.8. For the reasons discussed above, the Agreement is therefore governed by California law. 
1.2. The Forum Selection Clause is Not Enforceable. The mandatory forum selection clause is unenforceable for much the same reasons. 
Forum selection clauses are generally enforceable under California law "in the absence of a showing that enforcement of such a clause would be unreasonable." Smith, Valentino & Smith, Inc. v. Superior Court, 551 P.2d 1206, 1209 (Cal. 1976). The mere fact that such a clause was part of a contract of adhesion, rather than the 
- 5 - 
result of meaningful negotiation between the parties, does not render the provision unenforceable under California law. See Cal-State Business Prods. & Servs., inc. v. Ricoh, 12 Cal.App.4th 1666, 1679-1681, 16 Cal.Rptr.2d 417, 425-426 (Cal. Ct. App. 1993). "A mandatory forum selection clause ... is generally given effect unless enforcement would be unreasonable or unfair," even if it is made part of an employment agreement. Verdugo v. Alliantgroup, L.P., 237 Cal.App.4th 141, 147, 187 Cal.Rptr.3d 613, 618 (Cal. Ct. App. 2015). 
However, where a forum selection clause is combined with a choice-of-law provision that would bar a claim or defense in violation of California public policy, the forum selection provision is also "unenforceable as against public policy." See Verdugo, 237 Cal.App.4th at 154-157, 187 Cal.Rptr.3d at 624-625; accord Hall v. Superior Court, 150 Cal.App.3d 411, 413, 197 Cal.Rptr. 757, 759 (Cal. Ct. App. 1983). [2] 
 Since Oxford was hiring Hernandez to work for it in California, the evident reason why Oxford sought to make the Agreement subject to Massachusetts law and require that any lawsuits arising from the contract be brought in Massachusetts was that Oxford wanted to keep Hernandez from enforcing his rights under California law not to be subject to a broad non-competition agreement that barred any solicitation of Oxford's former or prospective customers. Under these circumstances, the forum selection clause in the Agreement is not enforceable under California law. 
2. Analysis of Proper Venue. In the absence of an enforceable forum selection clause, a plaintiffs decision to bring suit in a permissible venue should be respected unless an adequate alternative forum is available and the relevant private and public interests strongly favor litigating the case elsewhere. Gianocostas v. Interface Group-Massachusetts, Inc., 450 Mass. 715, 723 (2008). "In general terms, the doctrine of 
--------------------------- 
[2] These holdings by the California courts are not idiosyncratic. For example, the United States Supreme Court has noted with respect to mandatory arbitration clauses that "in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little hesitation in condemning the agreement as against public policy." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 n.19 (1985); see also M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.") (dictum). 
- 6 - 
forum non conveniens provides that, 'where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum.' " Id., quoting Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303, 313 (1933). Thus, "dismissal may be appropriate [w]hen the court finds that in the interest of substantial justice the action should be heard in another forum.' " Id., quoting G.L. c. 223A, § 5. "Decisions to grant or deny motions to dismiss on the ground of forum non conveniens are left to the discretion of the trial judge." Id. 
The Court concludes, in the exercise of its discretion, that it would be unfair to compel Hernandez to defend himself in Massachusetts and that justice would best be served by dismissing this action so it may be tried in California. 
State courts in California provide an adequate alternative forum. They are just as capable of hearing this matter and deciding it fairly. Oxford does not contest this point. The choice-of-law issues discussed above have no bearing on whether this case should be tried in Massachusetts or California. Cf. Melia, 462 Mass. at 173-182. Thus, the Court's determination that California law bars or at least limits Oxford's contract claims is irrelevant when deciding Hernandez's motion to dismiss on grounds of forum non conveniens. If California law applies and limits Oxford's claims, that will be true whether this matter is tried in California or Massachusetts courts. 
In weighing the relevant private and public interests, the Court must take into account the fact that all relevant events occurred in California and all of Oxford's alleged harm or injury was incurred there. The Court credits Hernandez's unchallenged testimony (by way of affidavit) that he interviewed for the Oxford job in California, signed the offer letter and Agreement in California, was trained by Oxford in California, did all of his work for Oxford in California, and reported to Oxford supervisors who were located in California. The Court also finds that all of the Oxford clients (which are the companies that hire Oxford to recruit and place technically skilled personnel) and consultants (who are the people Oxford places with its clients) with whom Hernandez worked were located in California. The Court further finds that Hernandez still lives and works in California, that all of the individuals whom Oxford accuses Hernandez of soliciting for his new employer are 
- 7 - 
located in California, and that none of the conduct that Oxford accuses Hernandez of engaging in took place in Massachusetts or anywhere else outside of California.
As a result, the relevant private interests weigh heavily in favor of litigating this case in California. Since everything relevant to this case happened in California, it appears that all relevant witnesses are located in California and cannot be compelled to testify in Massachusetts. All other relevant evidence is presumably either located in California or available electronically so that it has no bearing on which forum is more convenient. It will be easier and more efficient for both Hernandez and Oxford to try this case in California. Indeed, Hernandez will be unable adequately to defend himself unless the case is litigated in California. And if Oxford were to obtain a judgment against Hernandez it would be much easier to enforce it if issued by a California court. The private interests strongly favor trial in California. Cf. Gianocostas, 450 Mass. at 726-727. 
With respect to the relevant public interests, California has a much stronger interest than Massachusetts in deciding whether Hernandez breached his contract or committed a tort in trying to convince some of Oxford's customers or consultants in California to use a competitor instead. Hernandez has been a California resident since before he first started working for Oxford in California. And the business operations that Oxford claims were unlawfully harmed are located in California and serve California customers. Massachusetts has very little interest in the outcome of this lawsuit. Thus, the public interests also strongly favor trial in California. 
For all of these reasons, the Court concludes that California is the appropriate forum in which to litigate Oxford's claims against Hernandez. 
ORDER  
Defendant's motion to dismiss this action on grounds of forum non conveniens is ALLOWED. Final judgment shall enter dismissing all claims without prejudice. 
Kenneth W. Salinger, Justice of the Superior Court
June 9, 2017 
- 8 -